UNITED STATES, Appellant

v.

Terence A. CURTIN, Colonel
U.S. Air Force, Appellee.

(Michael F. O'Berry, Technical Sergeant
U.S. Air Force Real Party in
Interest).

No. 96–8003.
Crim.App.Misc. No. 95–07.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 28, 1996.

Decided Sept. 6, 1996.

For the Accused: *Captain Richard D. Desmond* (argued); *Colonel Jay L. Cohen* (on brief).

For the United States: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Jeffery T. Infelise* (on brief).

Amicus Curiae Urging Reversal: *Alfred R. Mollin* (argued); *Frank W. Hunger*, Assistant Attorney General, *Leonard Schaitman*, *John C. Hoyle* (on brief)—for the United States Department of Justice.

*Opinion of the Court*

COX, Chief Judge:

A Charge and 6 specifications alleging that Technical Sergeant (TSgt) Michael F. O'Berry violated Article 92, Uniform Code of Military Justice, 10 USC § 892, were referred to general court-martial. These offenses involved assertions of conflicts of interests be-

tween TSgt O'Berry's official responsibilities and his personal financial affairs. Acting under a provision of the Right to Financial Privacy Act, 12 USC § 3407, trial counsel issued subpoenas[1] *duces tecum* to a custodian of bank records for the financial statements of O'Berry's wife and her father. In compliance with the statute, Mrs. O'Berry and her father were notified of the subpoenas and their right to challenge them, and they submitted motions to the military judge challenging the subpoenas. Relying on 12 USC § 3410(a), the military judge ruled that the subpoenas were administrative rather than judicial in nature because they had been issued by trial counsel rather than the military judge—or someone who was acting by the judge's direction—and that the proper forum for such a challenge would be in the appropriate United States District Court rather than at a court-martial.

The Government challenged the military judge's rulings by filing a petition for extraordinary relief with the Court of Criminal Appeals, seeking an order directing the military judge to exercise jurisdiction and consider the challenges to the subpoenas. The Court of Criminal Appeals denied the petition.

■■■ Thereafter, the Judge Advocate General of the Air Force filed a certificate for Review of the decision of the Court of Criminal Appeals denying the Petition for Extraordinary Relief in the Form of a Writ of Mandamus. The Certificate questions whether the Court of Criminal Appeals erred by failing to grant relief in this case. After reviewing the briefs of the respective parties and having heard oral argument, we issued an order from the bench (noting that an opinion would follow) ruling: (1) that this Court has jurisdiction to resolve this case (citing Art. 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1989); 28 USC § 1651(a); and 12 U.S.C. § 3410)); (2) that subpoenas issued by a trial counsel are "judicial" within the meaning of the Right to Financial Privacy Act (citing Art. 46, UCMJ, 10 USC § 846; RCM 703, Manual for Courts–Martial, United States (1995 ed.)); and (3) that the military judge erred when he refused to rule on the motions. "However, based upon representations made during oral argument that the bank records being sought ... may no longer be" needed, we declined to order the military judge to reconsider the motions, but we did hold that he would have jurisdiction to make such a ruling. 44 MJ 55–56 (1996). Our conclusions and findings were predicated on the following factors:

a. Relying on the All Writs Act, 28 USC § 1651(a), we have held that the Government may file a petition for extraordinary relief with the appropriate Court of Military Review, now the Court of Criminal Appeals. *Dettinger v. United States*, 7 MJ 216 (CMA 1979).

b. Under the provisions of Article 67(a)(2), this Court shall review "all cases reviewed by a Court of Criminal Appeals which" are submitted to this Court by the appropriate Judge Advocate General.

c. The definition of "case" as used within that statute includes a "final action" by an intermediate appellate court on a petition for extraordinary relief. *United States v. Redding*, 11 MJ 100, 104 (CMA 1981).[2]

Thus, we conclude that we have jurisdiction to resolve this case as certified to us by the Judge Advocate General.

1. The Right to Financial Privacy Act (12 USC §§ 3401–3422) refers to a "subpoena." (§§ 3402(2) & (4); 3405; 3407; 3408(1); 3410(a)).

 We note that 12 USC § 3413(i), as amended in 1986, refers both to "any subpena" and to "the subpoena."
 Fed.R.Crim.P. 17 and RCM 703(e)(2), Manual for Courts–Martial, United States (1995 ed.) refer to "subpoena."
 Rather than have different spellings of this word in this opinion, we choose to use the standard spelling "subpoena," even when referring to a "subpena" issued pursuant to the Right to Financial Privacy Act, unless we are quoting that Act.

2. In *United States v. Redding*, 11 MJ 100 (CMA 1981), the provision in question was designated as Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867(b)(2). That provision was redesignated as Article 67(a)(2), UCMJ, 10 USC 867(a)(2), by the Defense Authorization Act, Pub.L. No. 101–189, § 1301(a)(2), 103 Stat. 1569 (1989).

■ We turn now to the issue relating to characterization of the subpoenas issued here. The military judge held that because trial counsel rather than the military judge had issued the subpoenas, they were administrative rather than judicial. Judicial subpoenas would have been filed in the court that issued the subpoenas, and under the provisions of 12 USC § 3410(a), the motions to quash them would have been submitted to that court. We hold that this ruling was in error and that a subpoena issued by a trial counsel is a "judicial subpoena" within the meaning of § 3407 of the statute. Article 46 of the Code states:

> The trial counsel, the defense counsel, and the court-martial shall have equal opportunity to obtain witnesses and other evidence in accordance with such regulations as the President may prescribe. Process issued in court-martial cases to compel witnesses to appear and testify and to compel the production of other evidence shall be similar to that which courts of the United States having criminal jurisdiction may lawfully issue and shall run to any part of the United States, or the Territories, Commonwealths, and possessions.

Acting pursuant to the foregoing authority, the President has authorized the trial counsel of a special or general court-martial to issue subpoenas. RCM 703(e)(2)(C). Thus, trial counsel's function in the context of the military justice system parallels the functions of a clerk of court of a United States District Court who issues subpoenas for that court as a ministerial act. Fed.R.Crim.P. 17.[3] Thus, in the terms of the statute: "A motion to quash a judicial subpena shall be filed in the court which issued the subpena." 12 USC § 3410(a).

Here, the motion to quash would be presented to the military judge who presided over the court-martial in question.

We answer the certified question in the affirmative to the extent that it implicitly asks whether the Court of Criminal Appeals erred in upholding the military judge's ruling that he had no jurisdiction to rule on the challenges to the subpoenas in question and in the negative as to that court's ultimate failure to grant extraordinary relief.

The decision of the United States Air Force Court of Criminal Appeals denying the petition for extraordinary relief is affirmed as to result only.

Judges SULLIVAN, CRAWFORD, and GIERKE and Senior Judge EVERETT concur.

---

**3.** RCM 703(e)(2)(C), Manual for Courts–Martial, United States (1995 ed.), expressly provides that "[a] subpoena may be issued by ... *trial counsel of a special or general court-martial* to secure witnesses or evidence for that court-martial." (Emphasis added.). The fact that the trial counsel acted as a ministerial or administrative arm of the court-martial (as the clerk of court does for a federal district court) does not deprive the subpoena of its judicial character or make it an "administrative summons." Accordingly, 32 C.F.R. § 275.9(a)(3) expressly identifies subpoenas for financial information "issued in connection with a pending judicial proceeding"—including subpoenas issued pursuant to Article 46, UCMJ, 10 USC § 846—as "[j]udicial subpenas."