*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**EV**
Appellant

v.

**UNITED STATES**
Appellee

and

**David A. MARTINEZ,** Sergeant
United States Marine Corps, Real Party in Interest

**No. 16-0398**
Crim. App. No. 201600057

Argued May 11, 2016—Decided June 21, 2016

Military Judge: E. H. Robinson Jr.

For Appellant: *Major Chad T. Evans,* USAF (argued); *Lieutenant Colonel Deanna Daly*, USAF.

For Appellee: *Lieutenant Commander Justin C. Henderson*, JAGC, USN (argued); *Colonel Mark K. Jamison*, USMC, *Captain Matthew M. Harris*, USMC, and *Brian K. Keller*, Esq. (on brief).

For Real Party in Interest: *Lieutenant Doug Ottenwess,* JAGC, USN (argued).

Amicus Curiae for Appellant: *Peter Coote*, Esq. (on brief)—Protect Our Defenders.

Judge STUCKY delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges RYAN, OHLSON, and SPARKS, joined.

———————

Judge STUCKY delivered the opinion of the Court.

The writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). It is this extraordinary remedy that EV (Appellant) seeks in the case at hand under the auspices of Article 6b(e)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b(e)(1) (2012). However, in light of the plain language of that article

and the absence of any other express or implied congressional intent to bestow authority upon us, we find that we lack jurisdiction to entertain the petition. As such, we do not reach the merits of EV's contentions and dismiss her petition for lack of jurisdiction.

## I. Background

This case stems from a sexual interaction between EV and Sergeant (Sgt) Martinez (Real Party in Interest), after which she sought mental health treatment as a result of the event.

On June 2, 2015, eight specifications were preferred against Sgt Martinez under Articles 80, 107, and 120, UCMJ, 10 U.S.C. §§ 880, 907, 920 (2012). These charges were referred to trial on September 3, 2015.

In a supplemental request for discovery, Sgt Martinez requested notice as to whether EV sought or was seeking mental health treatment as a result of the allegations put forth in this case and "production of any and all such evidence." The Government responded by stating that "Mental Health records do exist, however, Maj[or] Evans, Special Victim's Counsel, and the government believe[] these documents to be irrelevant and privileged documents."

Sgt Martinez then filed a motion to compel discovery of the requested documentation, and the issue was argued before the military judge in a closed Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2012), session. The military judge denied this motion on December 30, 2015.

However, all parties conceded that EV had waived her privilege with regard to two pages of mental health records her husband had previously submitted to Air Force officials in support of a humanitarian transfer request. As such, these were turned over to the military judge for in camera review, and then over to Sgt Martinez.

On January 8, 2016, in light of the information revealed in these two pages, Sgt Martinez filed a motion for reconsideration of the military judge's initial decision denying discovery of all of EV's mental health records. A hearing on this motion was held on January 13, 2016, and the military judge issued an order the same day directing the Government to

turn over all of EV's mental health records for in camera review.

Following the in camera review, the military judge ordered select portions of the records turned over to Sgt Martinez under a protective order. Subsequently, EV petitioned the United States Navy-Marine Corps Court of Criminal Appeals (CCA) for a writ of mandamus to correct the military judge's alleged abuse of discretion in ordering the release of her mental health records. The CCA found, however, that EV's "right to an issuance of a writ is not 'clear and indisputable'" and denied the petition. *EV v. Robinson and Martinez,* No. NMCCA 201600057 (N-M. Ct. Crim. App. Feb. 25, 2016) (order).

EV now seeks identical relief from this Court.

## II. Discussion

In 2013, Congress first gave statutory authorization to programs establishing certain limited rights to alleged victims of offenses under Article 6b, UCMJ. *See* Pub. L. No. 113-66 § 1701(a)(1), 127 Stat. 672, 952 (2013). Such programs had previously existed only under regulation. The next year, Congress amended this statute to include an enforcement mechanism, which authorized an alleged victim who believed that a ruling of a court-martial violated her rights under Military Rule of Evidence 513 or 412 to seek mandamus in the relevant Court of Criminal Appeals:

> (e) ENFORCEMENT BY COURT OF CRIMINAL APPEALS.—(1) If the victim of an offense under this chapter believes that a court-martial ruling violates the victim's rights afforded by a Military Rule of Evidence specified in paragraph (2), the victim may petition the Court of Criminal Appeals for a writ of mandamus to require the court-martial to comply with the Military Rule of Evidence.
>
> (2) Paragraph (1) applies with respect to the protections afforded by the following:
>
>> (A) Military Rule of Evidence 513, relating to the psychotherapist-patient privilege.
>>
>> (B) Military Rule of Evidence 412, relating to the admission of evidence regarding a victim's sexual background.

Pub. L. No. 113-291, § 535, 128 Stat. 3292, 3368 (2014) (amending Article 6b, UCMJ). As a federal court of appeals inferior to the Supreme Court, our jurisdiction and, indeed, our existence are wholly dependent upon statutes enacted by Congress (in our case, in pursuance of its Article I power to make rules for the governance of the land and naval forces).

EV seeks a writ of mandamus to correct an alleged abuse of discretion by the military judge relating to certain mental health records. The CCA, to whom the petition was first directed, denied relief. The question is whether we now have jurisdiction to decide this petition on the merits.

This Court clearly has authority, in a proper case, to grant mandamus and other extraordinary or prerogative writs under the All Writs Act, 28 U.S.C. § 1651 (2012). *See Clinton v. Goldsmith,* 526 U.S. 529, 534 n.7 (1999) (citing *Noyd v. Bond,* 395 U.S. 683, 695 (1969)); *United States v. Frischholz,* 16 C.M.A. 150, 36 C.M.R. 306, 307–08 (1966). However, it is axiomatic that the All Writs Act is not an independent source of jurisdiction. It does not expand this Court's jurisdiction, but only operates "in aid of" our existing statutory jurisdiction. *Goldsmith*, 526 U.S. at 534–35 (citation omitted) (internal quotation marks omitted); *see Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 31–32 (2002); *Hendrix v. Warden,* 23 C.M.A. 227, 228, 49 C.M.R. 146, 147 (1974). We therefore must look to Article 6b, UCMJ, itself for any grant of jurisdiction.

We review questions of jurisdiction de novo. *United States v. Kuemmerle*, 67 M.J. 141, 143 (C.A.A.F. 2009); *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006). In construing statutes, jurisdictional and otherwise, we apply the accepted rules of statutory construction. One is that an unambiguous statute is to be enforced according to its terms:

> [W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.,* 530 U.S. 1, 6 (2000) (citation omitted) (internal quotation marks omitted; *see also United States v. Watson,*

71 M.J. 54, 57 (C.A.A.F. 2012); *United States v. Dickenson*, 6 C.M.A. 438, 20 C.M.R. 154, 165–66 (1955).

When examined, the statute is quite straightforward. It is a clear and unambiguous grant of limited jurisdiction to the Courts of Criminal Appeals to consider petitions by alleged victims for mandamus as set out therein. There is no mention whatsoever of this Court. Congress having legislated in this area and bestowed certain third-party rights on alleged victims, we must be guided by the choices Congress has made. Congress certainly could have provided for further judicial review in this novel situation. It did not.[1]

It may be argued that our decision in *LRM v. Kastenberg*, 72 M.J. 364 (C.A.A.F. 2013), provides a basis for jurisdiction in this case. It does not. *LRM* was a case certified to us by the Judge Advocate General of the Air Force, and therefore stood on a wholly different jurisdictional basis from the present case. *Id.* at 366. Moreover, *LRM* was decided before Congress had legislated in this area, either through the enactment of the substantive victims' rights provisions of Article 6b or through the later enactment of the remedial provision at issue here. The *LRM* decision was rendered without the benefit of Congress's direction in the matter. Congress having now legislated in the area, we are bound by the choices it made. As Chief Justice Chase wrote almost 150 years ago:

> [J]udicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which the Constitution and the laws confer.

*Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 515 (1869).

### III. Judgment

The petition is dismissed for lack of jurisdiction. The stay of proceedings ordered on April 22, 2016, is hereby dissolved.

---

[1] While the statute is unambiguous and resort to legislative history is therefore normally precluded, there is also nothing in the sparse history of the statute that evinces any contrary intent.