*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**Thomas J. RANDOLPH, Damage Controlman Second Class**
United States Coast Guard, Appellant

**v.**

**HV**
Appellee

and

**UNITED STATES**
Respondent

**No. 16-0678**
Crim. App. No. 001-16

Argued October 11, 2016—Decided February 2, 2017

Military Judge: C. A. Kitchen

For Appellant: *Lieutenant Jason W. Roberts*, USCG (argued).

For Appellee: *Lieutenant Commander Kismet R. Wunder,* USCG (argued); *Lieutenant Colonel Deanna Daly,* USAF.

For Respondent: *Lieutenant Tereza Z. Ohley*, USCG, and *Stephen P. McCleary,* Esq. (on brief).

Amicus Curiae for the Air Force Appellate Government Division: *Colonel Katherine E. Oler*, USAF, and *Gerald R. Bruce*, Esq. (on brief).

Amicus Curiae for the Navy-Marine Corps Appellate Government Division: *Lieutenant Commander Justin C. Henderson*, JAGC, USN, and *Brian K. Keller*, Esq. (on brief).

Amicus Curiae for the Air Force Appellate Defense Division, joined by the Army Defense Appellate Division and the Navy-Marine Corps Appellate Defense Division: *Colonel Jeffrey G. Palomino*, USAF, *Lieutenant Colonel Nicolas W. McCue*, USAF, and *Brian L. Mizer*, Esq. (on brief for the Air Force Appellate Defense Division); *Colonel Mary J. Bradley*, USA (on brief for the Army Defense Appellate Division); and *Rebecca S. Snyder*, Esq. (on brief for the Navy-Marine Corps Appellate Defense Division).

Judge STUCKY delivered the opinion of the Court, in which Judges RYAN and OHLSON joined. Judge RYAN filed a separate concurring opinion. Chief Judge ERDMANN filed

a dissenting opinion, in which Judge SPARKS joined. Judge SPARKS also filed a separate dissenting opinion.

_____

Judge STUCKY delivered the opinion of the Court.

Appellant Thomas Randolph's prosecution for various charges, including rape and assault, is ongoing. At the United States Coast Guard Court of Criminal Appeals (CCA), alleged victim HV successfully challenged the military judge's order requiring the Government to disclose to the defense some of her mental health records. Appellant petitioned this Court for review. We granted review, and specified the question of our own jurisdiction. We conclude that Congress has limited review of Article 6b(e) petitions to the Courts of Criminal Appeals, and thus dismiss the petition for lack of jurisdiction.

## I. Procedural History

After the military judge (MJ) ordered the Government to produce certain portions of HV's mental health records to the defense, including records of psychiatric diagnosis and treatment, HV petitioned for extraordinary relief in the nature of a writ of mandamus at the CCA. *HV v. Kitchen and Randolph*, 75 M.J. 717, 717–18 (C.G. Ct. Crim. App. 2016). She argued that the order violated Military Rule of Evidence (M.R.E.) 513, and invoked the CCA's jurisdiction to consider the petition under Article 6b(e)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b(e)(1) (2012) (amended 2015). *HV*, 75. M.J. at 718. The CCA concluded that it had jurisdiction and granted the petition for extraordinary relief. *Id.* at 718, 720.

Appellant then petitioned for review at this Court, challenging both the jurisdiction of the CCA to decide HV's petition for extraordinary relief and the decision itself. Because the jurisdiction of Courts of Criminal Appeals under Article 6b(e) is a settled matter,[1] we granted review of the M.R.E. 513 question only. However, we also specified the issue of our own jurisdiction.

_____

[1] *EV v. United States*, 75 M.J. 331, 334 (C.A.A.F. 2016).

## II. Analysis

"Jurisdiction is a question of law that this Court reviews de novo." *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013), *superseded by statute*, Article 6b(e), UCMJ, *as recognized in EV,* 75 M.J. at 334; *United States v. Ali*, 71 M.J. 256, 261 (C.A.A.F. 2012). "[E]very federal appellate court has a special obligation to satisfy itself … of its own jurisdiction … even though the parties are prepared to concede it." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (internal quotation marks omitted) (citation omitted). "The burden to establish jurisdiction rests with the party invoking the court's jurisdiction," *United States v. LaBella*, 75 M.J. 52, 53 (C.A.A.F. 2015), and in making this determination we "read the statutes governing our jurisdiction as an integrated whole, with the purpose of carrying out the intent of Congress in enacting them." *United States v. Lopez de Victoria*, 66 M.J. 67, 69 (C.A.A.F. 2008).

Appellant's petition seeks review of a CCA decision rendered pursuant to Article 6b, which guarantees certain rights to victims. Article 6b(e)(1), UCMJ, entitled "Enforcement by Court of Criminal Appeals," states that:

> If the victim of an offense under this chapter believes that a preliminary hearing ruling … or a court-martial ruling violates the [listed] rights of the victim … the victim may petition the Court of Criminal Appeals for a writ of mandamus to require the preliminary hearing officer or the court-martial to comply with the section (article) or rule.

Perhaps in recognition that most requests for a writ of mandamus will delay an ongoing court-martial, the statute provides for particularly speedy review. "A petition for a writ of mandamus … shall be forwarded directly to the Court of Criminal Appeals … and, to the extent practicable, shall have priority over all other proceedings before the court." Article 6b(e)(3), UCMJ.

In *EV v. United States*, we recently applied the plain language of this statute to conclude that this Court lacked jurisdiction to consider an alleged victim's petition for a writ of mandamus under Article 6b(e). 75 M.J. at 334. We explained that:

> When examined, the statute is quite straightforward. It is a clear and unambiguous grant of limited jurisdiction to the Courts of Criminal Appeals to consider petitions by alleged victims for mandamus as set out therein. There is no mention whatsoever of this Court. Congress having legislated in this area and bestowed certain third-party rights on alleged victims, we must be guided by the choices Congress has made. Congress certainly could have provided for further judicial review in this novel situation. It did not.

*Id.* at 334.

Today, we conclude that the same analysis applies to Appellant's petition. Article 6b expressly provides that enumerated victims' rights can be enforced through a writ of mandamus obtained at a Court of Criminal Appeals. *Id.* There is no mention of additional appellate rights for the accused, or of a grant of jurisdiction to this Court. Article 6b, UCMJ. Accordingly, we lack jurisdiction to consider Appellant's petition.

Recognizing that Article 6b does not mention his situation, Appellant attempts to invoke this Court's jurisdiction under Article 67(a)(3), UCMJ:

> The Court of Appeals for the Armed Forces shall review the record in …,
>
> all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.

10 U.S.C. § 867(a)(3) (2012). Appellant contends, in agreement with the United States and HV herself, that the "cases" in Article 67(a)(3) "include[] a final action by an intermediate appellate court on a petition for extraordinary relief." *See LRM*, 72 M.J. at 367 (quoting *United States v. Curtin*, 44 M.J. 439, 440 (C.A.A.F. 1996)) (internal quotation marks omitted). Because the instant petition involves exactly that sort of case, the parties argue, this Court has jurisdiction under Article 67(a)(3).

However, none of the cases that the parties cite for this proposition dealt with an Article 6b case.

In *LRM*, we held that this Court has jurisdiction to consider cases that the Judge Advocate General certifies for our review pursuant to Article 67(a)(2), even if the underlying CCA decision was rendered on a victim's petition for extraordinary relief. 72 M.J. at 367; *see also Curtin*, 44 M.J. at 440 (Government petition for extraordinary relief below); *accord Howell v. United States*, 75 M.J. 386, 389 (C.A.A.F. 2016). But we pointed out just last term that "[t]he *LRM* decision was rendered without the benefit of Congress's direction in the matter. Congress having now legislated in the area, we are bound by the choices it made." *EV*, 75 M.J. at 334. The victim protections afforded by Article 6b expressly provide for enforcement by the CCA, and nothing further. *Id.*

In *Lopez de Victoria*, we confirmed our jurisdiction pursuant to Article 67(a)(3) to consider an accused's petition from an interlocutory Government appeal under Article 62, UCMJ, 10 U.S.C. § 862 (2012). 66 M.J. at 70; *see also United States v. Solorio*, 21 M.J. 251 (C.M.A. 1986) (exercising jurisdiction in the same circumstances), *aff'd*, 483 U.S. 435 (1987). But Article 6b is not Article 62. The central goal of Article 62 is to permit certain appeals by the Government, as the article states generally that "the United States may appeal" certain actions taken by the military judge and provides for when "[a]n appeal" may be taken. Article 62(a)-(b), UCMJ. "The President, in his contemporaneous implementation of the [amended Article 62], expressly provided for appeal of adverse Article 62, UCMJ, decisions to our Court, and from our Court to the Supreme Court," *Lopez de Victoria*, 66 M.J. at 68–69, and the legislative history of the Article was consistent with this understanding. *Id.* at 70.

In contrast, Article 6b(e)(2), UCMJ, specifically provides that "the victim may petition the Court of Criminal Appeals for a writ of mandamus." The legislative history of the statute indicates no congressional intent to provide for review at this Court or beyond. *EV*, 75 M.J. at 334 n.1. In other words, while Article 62 takes an expansive view of appeals, Article 6b(e) "is a clear and unambiguous grant of limited jurisdiction to the Courts of Criminal Appeals to consider petitions by alleged victims for mandamus as set out therein." *Id.* at 334. As Article 6b is meant to confer rights on *victims*, not

the accused, it would violate congressional intent for this Court to review Article 6b cases upon petition by the accused but not the victim.[2]

In sum, this case is governed by the intent of Congress in enacting Article 6b and limiting review of Article 6b(e) petitions to the CCA level. We conclude that this case is neither an Article 67 case nor akin to an appeal under Article 62, but rather an Article 6b case purporting to be something else.

We also conclude that this Court lacks jurisdiction to consider this case under the All Writs Act. We have authority to act "in aid of" our existing jurisdiction, 28 U.S.C. § 1651(a), when "the harm alleged … ha[s] the potential to directly affect the findings and sentence." *Ctr. for Constitutional Rights v. United States*, 72 M.J. 126, 129 (C.A.A.F. 2013) (citing *Hasan v. Gross,* 71 M.J. 416 (C.A.A.F. 2012)). But "[t]he All Writs Act is not an independent grant of jurisdiction, nor does it expand a court's existing statutory jurisdiction." *LRM*, 72 M.J. at 367 (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999)). Because Article 6b(e) is a unique grant of statutory authority that limits appellate jurisdiction to the CCA, Appellant cannot use that article and the All Writs Act to artificially extend this Court's existing statutory jurisdiction.

Because the order that HV challenged at the CCA was not dispositive with respect to any specification, in contrast to the order in *Lopez de Victoria* and in other Article 62 ap-

---

[2] The Government contended at oral argument that in *Lopez de Victoria* we allowed an accused to appeal an Article 62 case in which *only the Government* was permitted to seek CCA review, and that we should thus allow the accused to appeal an Article 6b case in which *only the alleged victim* was permitted to seek CCA review. But Article 62, in tandem with Article 67(a)(2), allows the Government to raise an interlocutory appeal all the way to this Court. Parity, as well as the matching language in Article 67(a)(2) and 67(a)(3), demanded that the accused have the same authority as the Government in seeking review by this Court. In contrast, it makes no sense to allow the accused to utilize Article 6b, a victim's statute, to go where the victim may not.

peals,[3] our holding that we lack jurisdiction does not prevent Appellant from raising these same issues during the normal course of direct appellate review. Furthermore, such review will be able to address the important goal of "uniformity in the application of the Code among the military services." *See Lopez de Victoria*, 66 M.J. at 71.

We hold once again that Article 6b(e) is a limited grant of CCA review to enforce certain enumerated victims' rights. *EV*, 75 M.J. at 334. The statute cannot be stretched by an accused, even in tandem with Article 67(a)(3) or the All Writs Act, to authorize review by this Court.

### III. Judgment

The petition is dismissed for lack of jurisdiction.

---

[3] *See Lopez de Victoria*, 66 M.J. at 68 ("The military judge … set aside [certain] findings and ordered further sentencing proceedings with respect to the remaining finding …. Article 62 of the UCMJ … provide[s] for a government appeal of rulings … that terminated proceedings with respect to a charge or specification or that excluded evidence that was substantial proof of a material fact.").

Judge RYAN, concurring.

I join the majority opinion in full. Article 6b, Uniform Code of Military Justice (UCMJ), grants the Courts of Criminal Appeal (CCA) jurisdiction to review certain interlocutory petitions by a victim for a writ of mandamus. 10 U.S.C. § 806b (2015). Because this is an Article 6b, UCMJ, case, and Congress limited review of Article 6b, UCMJ, petitions to the CCAs, we have no jurisdiction. *EV v. United States*, 75 M.J. 331, 334 (C.A.A.F. 2016).

I write separately to address the dissenters' suggestions, *Randolph v. HV and United States*, __ M.J. __, __, __ (C.A.A.F. 2017) (Erdmann, C.J., and Sparks, J., dissenting), that we are nonetheless bound to apply, and thus extend, a line of cases insisting that we have interlocutory jurisdiction under Article 67, UCMJ, to this case, even though the statutory text supports no such jurisdiction. 10 U.S.C. § 867 (2012).

This Court was created by statute. 10 U.S.C. §§ 941–45 (2012). "Courts created by statute can have no jurisdiction but such as the statute confers." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (quoting *Sheldon v. Sill*, 8 How. 441, 449 (1850)). And as we were recently reminded by the Supreme Court, "CAAF's independent statutory jurisdiction is narrowly circumscribed." *Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999).

Article 67, UCMJ, is the statutory source of this Court's independent jurisdiction. Article 67(a), UCMJ, delineates the universe of cases we may review, and provides that this Court "shall review the record" in

> (1) all cases in which the sentence, as affirmed by a Court of Criminal Appeals, extends to death; (2) all cases reviewed by a Court of Criminal Appeals which the Judge Advocate General orders sent to the Court of Appeals for the Armed Forces for review; and (3) all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.

Article 67(c), UCMJ, prescribes what we may do when we review a case, and provides: "*In any case reviewed by it*, the Court of Appeals for the Armed Forces *may act only with respect to the findings and sentence as approved by the conven-*

*ing authority* and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals." (Emphasis added.)

The language of Article 67, UCMJ, is not contradictory, redundant, vague, or ambiguous. It is plain. This Court "shall review the record" in three specific circumstances. And "in any case" we review, we may only act on the findings and sentence approved by the convening authority. In the face of a statute that is eminently clear, as a matter of first impression it seems obvious that if we review the record in a case, pursuant to Article 67(a), UCMJ, and see no findings and sentence approved by the convening authority — which are the only cases that Article 67(c), UCMJ, places within our purview — we may not act. There are no findings or sentence in this case. Yet both dissents insist that we *must* act, relying on Article 67(a), UCMJ, with nary a mention of the jurisdictional limitations in Article 67(c), UCMJ.

Appellate review of cases that are final is the norm throughout the federal system. *See* 28 U.S.C. § 1291. Congress, from time to time, specifically delineates and permits jurisdiction over interlocutory matters, as it did with Article 6b, UCMJ, *EV*, 75 M.J. at 334, and Article 62, UCMJ, 10 U.S.C. § 862 (2012) (creating jurisdiction for government appeals to the CCA from certain interlocutory orders that are claimed to be case dispositive). *See also United States v. Lopez de Victoria*, 66 M.J. 67, 68 (C.A.A.F. 2008) (interpreting Article 62, UCMJ, jurisdiction to include appeals of CCA Article 62, UCMJ, decisions to this Court). This is consistent with civilian courts, which do not generally possess the ability to review interlocutory matters, but are given limited and enumerated powers of interlocutory review in narrow circumstances. *See* 28 U.S.C. § 1292 (2012) (authorizing appellate jurisdiction for appeals from, inter alia, interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions"); *see also Cohen v. Benefit Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (finding an exception to 28 U.S.C. § 1291 for a "small class" of claims "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"). Given the limited authority of federal courts to review interlocutory issues, it is passing strange that the dissents find in Article 67, UCMJ, a second layer of interlocutory review for what can most charitably be labeled a discovery dispute — one that was resolved in favor of the victim, pursuant to Article 6b, UCMJ.

I recognize that this Court decided long ago that Article 67, UCMJ, serves as an independent font of interlocutory jurisdiction. *United States v. Boudreaux*, 35 M.J. 291, 294–95 (C.M.A. 1992) (citing *United States v. Papciak*, 7 C.M.A. 224, 22 C.M.R. 14 (1956)); *United States v. Caprio*, 12 M.J. 30, 31–32 (C.M.A. 1981). No one has either asked us to reverse these cases or explained why principles of stare decisis permit us to reverse them, however erroneous I would have found them and their successors to be as a matter of first impression. *See, e.g.*, *LRM v. Kastenberg*, 72 M.J. 364, 374–76 (C.A.A.F. 2013) (Ryan, J., dissenting); *Denedo v. United States*, 66 M.J. 114, 135–36 (C.A.A.F. 2008) (Ryan, J., dissenting). But the instant case comes to us by way of Article 6b, UCMJ, and therefore, we need neither revisit nor extend this line of precedent to decide this case.[1]

Article 6b, UCMJ, is overtly jurisdictional. *EV*, 75 M.J. at 334. As such, the Article 6b, UCMJ, appeal in this case is governed by its textual delineation of jurisdiction. There is therefore zero justification to rely on (and further expand) our court-created interlocutory jurisdiction in this case as the dissenters urge us to do.

---

[1] However, I completely disagree with the suggestion that Congress' failure to correct our past cases ignoring the plain statutory language and clear limitations on our jurisdiction under Article 67, UCMJ, means anything at all. *Randolph*, __ M.J. at __ (2) (Sparks, J., dissenting). Congressional silence in response to judicial interpretation of a statute is not an affirmative adoption of the court's reasoning. *Patterson v. McLean Credit Union*, 491 U.S. 164, 175 n.1 (1989), *superseded by statute*, Civil Rights Act of 1991, Pub L. No. 102-166, 105 Stat. 1071; *see Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2418 (2015) (Alito, J., with whom Roberts, C.J., and Thomas, J., joined, dissenting) (*citing Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 187 (1994)). It therefore cannot be assumed, as the dissent does, *Randolph*, __ M.J. at __ (1–2) (Sparks, J., dissenting), that Congress, by limiting interlocutory jurisdiction under Article 6b, UCMJ, to the CCAs, in fact silently intended to provide interlocutory jurisdiction to this Court based on our past faulty interpretation of Article 67, UCMJ. *EV,* 75 M.J. at 334 (rejecting this construction of Article 6b, UCMJ). Congressional silence is surely no license to extend poorly reasoned precedent.

Chief Judge ERDMANN, with whom Judge SPARKS joins, dissenting.

In my view, the majority fails to properly consider Article 67, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867 (2012), congressional intent, and this court's precedent in reaching its decision that we lack jurisdiction to consider Randolph's writ appeal. I therefore respectfully dissent.

Article 67(a)(3), UCMJ, states, "The Court of Appeals for the Armed Forces shall review the record in … all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review." We have defined a "case" as used in Article 67(a) to include any "final action" by a Court of Criminal Appeals (CCA). *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013). Moreover, we have deemed a CCA's determination on an alleged victim's writ-appeal to be within the scope of a "final action." *Id.* ("the CCA took a final action on a petition for extraordinary relief when it denied [the alleged victim's] writ-appeal petition").

In accordance with these jurisdictional principles, Randolph petitioned this court for review of the CCA's determination on the alleged victim's Article 6b, UCMJ, 10 U.S.C. § 806b (2012), petition—a CCA determination which clearly satisfies our definition of a "case" for purposes of jurisdiction under Article 67. Yet, despite our prior holding that all "cases" include a "final action" by a CCA, *LRM*, 72 M.J. at 367, the majority takes the position that HV's Article 6b petition somehow changes the jurisdictional landscape, and, thus, the applicability of Article 67(a)(3).

As support for its conclusion, the majority points to our recent decision in *EV v. United States*, where we held that we lack jurisdiction to entertain alleged victims' Article 6b petitions based on "the plain language of that article and the absence of any other express or implied congressional intent to bestow authority upon us." 75 M.J. 331, 332 (C.A.A.F. 2016). However, our conclusion that the plain language of Article 6b limits an alleged *victim's* appellate rights does not necessarily hinder an *accused's* right to appeal a CCA's final

action under Article 67.[1] Quite to the contrary, as the majority acknowledges, we "read the statutes governing our jurisdiction *as an integrated whole, with the purpose of carrying out the intent of Congress in enacting them,*" *Randolph v. HV and United States*, __ M.J. __ (3) (C.A.A.F. 2016) (quoting *United States v. Lopez de Victoria*, 66 M.J. 67, 69 (C.A.A.F. 2008)) (emphasis added). As we have explained, the "overall intent of Article 67 [is] *to grant this Court jurisdiction to decide matters of law raised by appellants* or certified by Judge Advocates General." *Lopez de Victoria*, 66 M.J. at 69-70 (emphasis added) (internal quotation marks omitted) (citation omitted). Nevertheless, the majority utilizes a statute governing the rights of a *nonparty* (Article 6b) to place a procedural bar on the rights of a *party* to seek relief under Article 67.[2]

The majority contends that it "makes no sense to allow the accused to utilize Article 6b, a victim's statute, to go where the victim may not." *Randolph*, __ M.J. at __ (6 n.2). This assertion is flawed for two reasons. First, Randolph did not petition this court through Article 6b. Rather, he sought review of the CCA's Article 6b determination through Article 67. Additionally, unlike an alleged victim, the accused is a real party in interest who has been given clear statutory au-

---

[1] Indeed we recognized as much in *EV* when we explained that *LRM* was distinguishable because that "was a case certified to us by the Judge Advocate General of the Air Force, and therefore stood on a wholly different jurisdictional basis from" *EV*, 75 M.J. at 334. Unlike the alleged victim, whose sole right to appeal is vested in Article 6b, the government's statutory right to certify a case under Article 67(a)(2) would not be impacted despite the case having reached the CCA through a victim's Article 6b petition. It follows, that an accused may also appeal to this court under Article 67(a)(3), despite the fact that the case arose out of an Article 6b review.

[2] Relatedly, the majority attempts to distinguish the present case from LRM by quoting our decision in EV in which we noted that Congress has now "legislated in th[is] area" by passing Article 6b. *Randolph*, __ M.J. at __ (3) (quoting *EV*, 75 M.J. at 334). However, again, if we are to honor clear legislative intent, Congress bestowing certain appellate rights upon alleged victims by passing Article 6b cannot be read as a limit on a party's right to appeal under Article 67.

thority to appeal a final action by the CCA. Therefore, unlike the majority, I find Randolph's right to exercise certain appellate rights that are denied to a nonparty not only logical, but statutorily grounded.

I see no basis for the court's creation of a jurisdictional exemption for Article 6b determinations by a CCA from the definition of a "case." Therefore, I would conclude this court has jurisdiction under Article 67(a)(3) to entertain the merits of Randolph's appeal.

Judge SPARKS, dissenting.

Unfortunately, I find myself in disagreement with the majority. I am not persuaded that simply asserting that this is an Article 6b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b (2012) (amended 2015), case satisfactorily answers the question why this is not an Article 67, UCMJ, 10 U.S.C. § 867 (2012), case. The majority makes an effort to answer this question in the negative with repeated references to the fact that Article 6b, UCMJ, is meant to confer rights on victims. I agree, but this is little more than a statement of the obvious. It is just as obvious to me that the accused in this case is not attempting to vindicate the victim's rights. Rather, he is seeking to vindicate his own interests, interests that are wholly separate and apart from any interest a victim might have at trial.

Article 6b, UCMJ, allows the victim to seek appellate relief from, among other things, evidentiary and discovery rulings that adversely impact the victim's rights at trial. It makes sense to hold, as we did in *EV v. United States*, that a victim can seek relief no further than the court of criminal appeals. 75 M.J. 331, 334 (C.A.A.F. 2016). After all, the victim is a nonparty. The accused, however, is in a very different position. Rulings by the lower court in favor of the victim can potentially have an impact on substantial trial rights that only a criminal defendant possesses. For instance, issues arising under Military Rule of Evidence (M.R.E.) 412 may carry significant confrontation clause implications. Likewise, certain issues arising under M.R.E. 513 may affect the accused's due process right of a "meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). Thus, it seems an unremarkable proposition that the law should treat a party differently from a nonparty, particularly when that party is the accused.

The majority also makes the obvious point that Article 6b, UCMJ, contains no express grant of authority vesting jurisdiction in this Court when an accused seeks redress of a Court of Criminal Appeals decision unfavorable to him. However, the majority seems to bypass our decisions in *LRM v. Kastenberg*, 72 M.J. 364 (C.A.A.F. 2013), and a line of prior cases that clarify what constitutes a "case" under Article 67, UCMJ, and conclude that, by not providing an express grant of jurisdiction for the accused in Article 6b, UCMJ, Congress divested this Court of a portion of its existing jurisdiction to hear cases. *See United States v. Curtin*, 44 M.J.

439, 440 (C.A.A.F. 1996); *United States v. Tucker*, 20 M.J. 52 (C.M.A. 1985). It would seem to me that we should assume Congress was aware of our precedents establishing what a case is under Article 67, UCMJ, when it enacted Article 6b, UCMJ. True, Congress made no mention of this Court regarding an accused's petition for review. But denial of jurisdictional authority over such a petition should not be inferred simply because Congress has failed specifically to repeat the grant of authority that already exists in Article 67, UCMJ. *See generally Scripps-Howard Radio v. FCC*, 316 U.S. 4, 11 (1942). It is generally understood that when Congress seeks to divest jurisdiction of courts or other tribunals, it does so with a clear statement. In other words, Congress is quite capable of expressing that it is choosing to withhold a remedy from a criminal defendant. What we stated in *United States v. Lopez de Victoria* with respect to Article 62, UCMJ, 10 U.S.C. § 862 (2012), is abundantly true here with respect to Article 6b, UCMJ "Congress legislated against a judicial backdrop that already provided for a broad reading of jurisdiction over 'cases' . . . whether arising through certification . . . or by petition." 66 M.J. 67, 70 (C.A.A.F. 2008). The silence of Congress in Article 6b, UCMJ, is of no moment to the question of whether *the accused* may pursue an appeal to this Court under Article 67, UCMJ.

Finally, like the parties in this case, it is my view that jurisdiction is found in Article 67(a)(3), UCMJ, which states that this Court shall review "all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review." Article 67(a)(3), UCMJ. This grant of jurisdictional authority allows this Court to exercise its discretion to grant for review only those petitions from an accused that present "good cause." *Id.* Often, good cause may not exist because the issue presented can be addressed in the normal course of appellate review if the accused is convicted. In other words, because we can hear a case does not always mean we should. The many good arguments put forth by the majority in distinguishing Article 62, UCMJ, from Article 6b, UCMJ, are splendid reasons for why the Court might not find good cause. However, given our precedents, they are, in my view, an insufficient basis upon which to divest ourselves of jurisdiction in this instance.

In short, we need not eclipse our jurisdiction when our own precedents reveal a clear statutory grant of authority.

For these reasons, I respectfully dissent and join Chief Judge Erdmann in his dissent.