Chief Judge ERDMANN,
with whom Judge SPARKS joins, dissenting.
In my view, the majority fails to properly consider Article 67, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867 (2012), congressional intent, and this court’s precedent in reaching its decision that we lack jurisdiction to consider Randolph’s writ appeal. I therefore respectfully dissent.
Article 67(a)(3), UCMJ, states, “The Court of Appeals for the Armed Forces shall review the record in ... all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.” We have defined a “case” as used in Article 67(a) to include any “final action” by a Court of Criminal Appeals (CCA). LRM v. Kastenberg, 72 M.J. 364, 367 (C.A.A.F. 2013). Moreover, we have deemed a CCA’s determination on an alleged victim’s writ-appeal to be within the scope of a “final action.” Id. (“the CCA took a final action on a petition for extraordinary relief when it denied [the alleged victim’s] writ-appeal petition”).
In accordance with these jurisdictional principles, Randolph petitioned this court for review of the CCA’s determination on the alleged victim’s Article 6b, UCMJ, 10 U.S.C. § 806b (2012), petition—a CCA determination which clearly satisfies our definition of a “case” for purposes of jurisdiction under Article 67. Yet, despite our prior holding that all “cases” include a “final action” by a CCA, LRM, 72 M.J. at 367, the majority takes the position that HVs Article 6b petition somehow changes the jurisdictional landscape, and, thus, the applicability of Article 67(a)(3).
As support for its conclusion, the majority points to our recent decision in EV v. United States, where we held that we lack jurisdiction to entertain alleged victims’ Article 6b petitions based on “the plain language of that article and the absence of any other express or implied congressional intent to bestow authority upon us.” 75 M.J. 331, 332 (C.A.A.F. 2016). However, our conclusion that the plain language of Article 6b limits an , alleged victim’s appellate rights does not necessarily hinder an accused’s right to appeal a CCA’s final action under Article 67.[1] Quite to the contrary, as the majority acknowledges, we “read the statutes governing our jurisdiction as an integrated whole, with the purpose of carrying out the intent of Congress in enacting them,” Randolph v. HV and United States, 76 M.J. 27 (3), 2017 WL 485883 (C.A.A.F. 2016) (quoting United States v. Lopez de Victoria, 66 M.J. 67, 69 (C.A.A.F. 2008)) (emphasis added). As we have explained, the “overall intent of Article 67 [is] to grant this Court jurisdiction to decide *34 matters of law raised by appellants or certified by Judge Advocates General.” Lopez de Victoria, 66 M.J. at 69-70 (emphasis added) (internal quotation marks omitted) (citation omitted). Nevertheless, the majority utilizes a statute governing the rights of a nonparty (Article 6b) to place a procedural bar on the rights of a party to seek relief under Article 67.[2]
The majority contends that it “makes no sense to allow the accused to utilize Article 6b, a victim’s statute, to go where the victim may not.” Randolph, 76 M.J. at 30 (6 n.2). This assertion is flawed for two reasons. First, Randolph did not petition this court through Article 6b. Rather, he sought review of the CCA’s Article 6b determination through Article 67. Additionally, unlike an alleged victim, the accused is a real party in interest who has been given clear statutory authority to appeal a final action by the CCA. Therefore, unlike the majority, I find Randolph’s right to exercise certain appellate lights that are denied to a nonparty not only logical, but statutorily grounded.
I see no basis for the court’s creation of a jurisdictional exemption for Article 6b determinations by a CCA from the definition of a “case.” Therefore, I would conclude this court has jurisdiction under Article 67(a)(3) to entertain the merits of Randolph’s appeal.

. Indeed we recognized as much in BV when we explained that LRM was distinguishable because that "was a case certified to us by the Judge Advocate General of the Air Force, and therefore stood on a wholly different jurisdictional basis from” EV, 75 M.J, at 334. Unlike the alleged victim, whose sole right to appeal is vested in Article 6b, the government’s statutory right to certify a case under Article 67(a)(2) would not be impacted despite the case having reached the CCA through a victim's Article 6b petition. It follows, that an accused may also appeal to this court under Article 67(a)(3), despite the fact that the case arose out of an Article 6b review.

. Relatedly, the majority attempts to distinguish the present case from LRM by quoting our decision in EV in which we noted that Congress has now "legislated in th[is] area” by passing Article 6b. Randolph, 76 M.J. at 29 (3) (quoting EV, 75 M.J. at 334). However, again, if we are to honor clear legislative intent, Congress bestowing certain appellate rights upon alleged victims by passing Article 6b cannot be read as a limit on a party's right to appeal under Article 67.