# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**Misc. Dkt. No. 2024-11**

———————————

**In re DD**
*Petitioner*

**Trevon J. WILLIAMS**
Airman (E-2), U.S. Air Force
*Real Party in Interest*

———————————

Petition for Extraordinary Relief in the Nature of a Writ of Mandamus

Decided 31 October 2024

———————————

*Military Judge*: Matthew P. Stoffel (arraignment, motions hearing); Nathan D. Royer.

*SpCM convened at*: Kirtland Air Force Base, New Mexico.

*For Petitioner*: Captain Alyssa J. Kozma, USAF; Devon A. R. Wells, Esquire.[1]

Before JOHNSON, ANNEXSTAD, and DOUGLAS, *Appellate Military Judges.*

Judge DOUGLAS delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge ANNEXSTAD joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

DOUGLAS, Judge:

On 2 October 2024, pursuant to Rule 19 of the Joint Rules of Appellate Procedure for Courts of Criminal Appeals, Petitioner submitted to this court a

---

[1] There were no other parties to this petition because no briefs were to be filed "unless ordered by the court," and the court did not order any briefs to be filed.

petition for extraordinary relief in the form of a Writ of Mandamus and a Motion to Stay Order in the pending special court-martial of *United States v. Airman Trevon J. Williams* (the Real Party in Interest). The Real Party in Interest is charged with two specifications of sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, and one specification of assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928.[2] Petitioner, DD, is the named victim in all specifications. Petitioner requests we stay the military judge's order and issue a writ vacating the military judge's order to produce and discover certain non-privileged mental health information from two Veterans' Affairs (VA) clinics. We deny the stay and find issuance of a writ is not appropriate.

## I. BACKGROUND

The Real Party in Interest is alleged to have committed the charged offenses on or about 1 February 2023 upon DD, a male who previously served in the military. Petitioner's spouse reported the allegations to the leadership of the Real Party in Interest, and by 8 February 2023, the Air Force Office of Special Investigations (OSI) had begun their investigation. Charges were preferred on 9 May 2024 and referred to a general court-martial on 13 May 2024.

On 31 May 2024, the Defense requested initial and supplemental discovery from the Government, including "any relevant . . . medical, and mental health records [of DD] (not including privileged communications) within the military's control." Additionally, the Defense requested "confirmation of and documentation regarding" whether DD had "mental health diagnosis, treatment(s), prescription(s) for mental health-related issues, and/or seen a mental health provider." In support of this request, the Defense cited *United States v. Mellette*, 82 M.J. 374 (C.A.A.F. 2022). On 18 June 2024, the Government denied the discovery request for this information, stating that the request was overbroad and lacked relevance. The Government also explained that because DD was a civilian, the Government was not in possession of the requested records and the Defense had failed to demonstrate a requirement for production under Military Rule of Evidence (Mil. R. Evid.) 703.

On 28 June 2024, the Defense filed a notice pursuant to Mil. R. Evid. 513 with the military judge, trial counsel, and victim's counsel. Specifically, the Defense offered that DD had shared with a witness that during DD's time in the military, he "may have developed post-traumatic stress disorder (PTSD),"

---

[2] All references to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*). All other references to the UCMJ, Military Rules of Evidence (Mil. R. Evid.), and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2024 ed.).

was taking "several medications," and had been seeking "mental health/medical services."

On 2 July 2024, the Defense served a motion to compel (dated 28 June 2024) on the Government for the same discovery previously requested, asserting the information was relevant to the Defense's preparation and "may impact the credibility, memory, or perception of DD." On 11 July 2024, DD, through his victim's counsel, opposed the disclosure of the requested discovery averring the Defense had not met its burden of demonstrating the requested information met the relevance and materiality requirements of Mil. R. Evid. 701 or the relevance and necessity requirements of Mil. R. Evid. 703. On the same day, 11 July 2024, the Government responded to the Defense's motion, advocating that the Defense's request should be denied because it was overbroad and vague. Further, the Government argued, without acknowledging the Defense's Mil. R. Evid. 513 notice, that the Defense had not met its burden under Mil. R. Evid. 513(e) in that it had not established the requested information existed.

On 26 August 2024, the military judge arraigned the Real Party in Interest, and held a closed Article 39(a), UCMJ, 10 U.S.C. § 839(a), hearing to address the Defense motion to compel discovery.

The military judge's findings of fact included that DD had served previously in the military in a medical career field. During this time, DD had deployed with his unit on at least one occasion, for approximately ten months. His unit suffered three mass casualty events during his deployment. From approximately 2020 through 2024, Petitioner received mental health treatment through the VA at two different clinics in two different states. At some point, he was diagnosed with PTSD and was prescribed medications.

The military judge concluded the Defense had satisfied their burden for production of limited, non-privileged information contained in DD's mental health records maintained by the VA. The military judge determined the Defense had demonstrated the requested information existed and was relevant under the facts and circumstances of the case. Finally, the military judge concluded such information would contribute to the Defense's "presentation" of the case as the condition existed at the time of the alleged offenses and may have affected DD's ability to perceive and accurately remember the events on 1 February 2023.

In a written ruling dated 14 September 2024, and pursuant to Rule for Courts-Martial (R.C.M.) 703(e), the military judge ordered the trial counsel to obtain a copy of the applicable records from the VA, with an affirmative statement from the VA whether any records provided included material subject to the psychotherapist-patient privilege as defined in Mil. R. Evid. 513. If the records were comingled with privileged information, the records were to be sealed

and not viewed by any party. If comingled, the parties were ordered to consult with DD, through counsel, to determine whether the parties could agree to a stipulation of fact concerning any mental health diagnoses, treatment, and medications. In the absence of a stipulation of fact, the parties were directed to submit to the military judge a list of mutually agreed upon interrogatories for an appropriate official in the VA. The military judge specifically reserved judgment on the admissibility of this health information in later proceedings.

Also on 14 September 2024, the military judge issued a separate order to the VA, directing it to provide the following information to trial counsel:

> [1.] The dates and duration of each mental health treatment/counseling session;
>
> [2.] The identity of each mental health provider involved in treating and/or counseling [of DD];
>
> [3.] Any mental health diagnosis or diagnoses;
>
> [4.] Any treatment or treatment plan for such diagnosis or diagnoses; and
>
> [5.] Any prescriptions related to such diagnosis or diagnoses.

The military judge directed the responses due no later than 27 September 2024.

On 24 September 2024, trial counsel issued and then served on the VA a subpoena with the military judge's order attached. On 2 October 2024, the VA responded explaining the military judge's order was issued by a court that was not of competent jurisdiction, citing the Privacy Act, 5 U.S.C. § 552a. The VA further advised that they could release the records with DD's consent. DD denied consent to release his mental health records, therefore the VA did not provide the ordered information.

On 7 October 2024, a new military judge was assigned to the case.

On 16 October 2024, this court granted Petitioner's unopposed motion for leave to file and supplement his petition for extraordinary relief in the form of a writ of mandamus and stay order.

## II. LAW

The UCMJ affords certain rights to victims of offenses, including to be treated with "fairness and with respect for [their] dignity and privacy." Article 6b(a)(9), 10 U.S.C. § 806b(a)(9). While victims "do not have the authority to challenge every ruling by a military judge with which they disagree[,] . . . [they] may assert [certain] rights enumerated in Article 6b, UCMJ, in the *Manual for Courts-Martial*, and under other applicable laws." *In re KK*, 84 M.J. 664, 669

4

(A.F. Ct. Crim. App. 2023). Accordingly, if a victim believes a court-martial ruling violates any of these rights, "the victim may petition the Court of Criminal Appeals for a writ of mandamus to require the . . . court-martial to comply." Article 6b(e)(1), UCMJ, 10 U.S.C. § 806b(e)(1). "If granted, such a writ would require compliance with Article 6b, UCMJ." *In re KK*, 84 M.J. at 667 (citation omitted).

More broadly, the purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (citations omitted). A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016) (quoting *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)).

"A military judge's decision warranting reversal via a writ of mandamus 'must amount to more than even gross error; it must amount to a judicial usurpation of power . . . or be characteristic of an erroneous practice which is likely to recur.'" *In re KK*, 84 M.J. at 667 (omission in original) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam)).

To prevail on a petition for a writ of mandamus, a petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (per curiam) (citing *Cheney*, 542 U.S. at 380–81; *H.V.Z. v. United States*, __ M.J. __, No. 23-0250, 2024 CAAF LEXIS 410, at *8–9 (C.A.A.F. 18 July 2024).

As a matter of discovery, "[e]ach party is entitled to the production of evidence which is relevant and necessary." R.C.M. 703(e)(1). "Evidence under the control of the Government may be obtained by notifying the custodian of the evidence of the time, place, and date the evidence is required and requesting the custodian to send or deliver the evidence." R.C.M. 703(g)(2). "[E]vidence not under the control of the [G]overnment may be obtained by subpoena." R.C.M. 703(g)(3)(A). Any subpoena or other process issued under Article 46(b), UCMJ, "(1) shall be similar to that which courts of the United States having criminal jurisdiction may issue; (2) shall be executed in accordance with regulations prescribed by the President; and (3) shall run to any part of the United States and to the commonwealths and possessions of the United States." 10 U.S.C. § 846(b).

The Manual for Courts-Martial recognizes certain privileges that may limit the availability of evidence at courts-martial. In particular, Mil. R. Evid. 513(a) provides:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist or an assistant to the psychotherapist, in a case arising under the [UCMJ], if such communication was made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition.

In light of this privilege, Mil. R. Evid. 513(e)(2)

> requires a military judge to conduct a hearing before ordering the production or admission of "evidence of a patient's records or communication," defined as "testimony of a psychotherapist, or assistant to the same, or patient records *that pertain to* communications by a patient to a psychotherapist, or assistant to the same, for the purposes of diagnosis or treatment of the patient's mental or emotional condition."

*Mellette*, 82 M.J. at 379 (quoting Mil. R. Evid. 513(b)(5)). "[T]he patient 'must be afforded a reasonable opportunity to attend the hearing and be heard.'" *H.V.Z.* at *20 (quoting Mil. R. Evid. 513(e)(2)). A "confidential communication made between the patient and a psychotherapist or an assistant," as referred to in Mil. R. Evid. 513(a), "does not naturally include other evidence, such as routine medical records, that do not memorialize actual communications between the patient and the psychotherapist." *Mellette*, 82 M.J. at 378. "[D]iagnoses and treatments contained within medical records [including mental health records] are not themselves uniformly privileged under [Mil. R. Evid.] 513." *Id.* at 375.

## III. ANALYSIS

Petitioner alleges several errors in violation of his rights under Article 6b, UCMJ; specifically, his right to be treated with fairness and with respect for his dignity and privacy. He claims the military judge erred: (1) by issuing an order instead of a subpoena; (2) by issuing an order that is not from a court of competent jurisdiction; (3) by applying R.C.M. 701 to records in the possession, custody, and control of the VA; (4) by granting the Defense's motion to compel evidence when the Defense failed to make a proffer of evidence; and (5) in determining a "constitutional exception" existed under Mil. R. Evid. 513 requiring discovery of certain mental health information.

We have carefully considered Petitioner's claims. We find Petitioner has failed to show that in this instance his right to issuance of the writ is clear and indisputable and that the issuance of the writ is appropriate under the circumstances. *See Hasan*, 71 M.J. at 418.

First, Petitioner's concern that the military judge's order should have been a subpoena is without merit. Article 46, UCMJ, allows for either format. Nonetheless, the military judge's order was attached to a subpoena that complied with R.C.M. 703(g)(3) and was served on the VA by trial counsel on 24 September 2024.

Second, Petitioner's concern that the VA would not comply with the military judge's order as it was not issued by a competent court appears to reflect the VA's perspective. In support of this position, Petitioner and the VA cite the Privacy Act, 5 U.S.C. § 552a(b)(11). We see no explanation in the Privacy Act for what may or may not be a court of competent jurisdiction. We do not subscribe to the logic of Petitioner's argument, that the military judge was not "competent" to issue an order just because the VA would not honor it.

Third, while Petitioner accurately restates one paragraph of the military judge's written ruling, the military judge did not find as a matter of fact or conclusion of law that the requested records are specifically within the possession, custody, and control of the military authorities, despite his citation to R.C.M. 701. In the context of what is before us, the military judge's ruling and orders indicate he believed the records held by the VA were within the possession, custody, and control of the Government, as contemplated by R.C.M. 703.

Fourth, we disagree with Petitioner's contention that the Real Party in Interest did not proffer the requested information existed. On 28 June 2024, the Defense filed a notice pursuant to Mil. R. Evid. 513 with the military judge, trial counsel, and victim's counsel. They named a witness who stated he had overheard Petitioner discussing a diagnosis, treatment medications, and services. Significantly, on 26 August 2024, Petitioner testified in the closed hearing wherein he confirmed a certain mental health history existed prior to and potentially during the timeframe of the alleged offenses. This diagnosis resulted in treatment and counseling.

Fifth and finally, the Real Party in Interest has an opportunity to obtain witnesses and other evidence in trial by court-martial. Article 46, UCMJ, 10 U.S.C. § 846. Ultimately, the military judge determined that the requested information existed and that the Real Party in Interest met his burden for production. Because the Real Party in Interest met his burden, the military judge correctly found that the medical information requested was relevant and necessary for the Defense's preparation in this pretrial phase of proceedings. *See generally*, R.C.M. 701(a)(2)(B)(i); R.C.M. 703(e); *In re B.M. v. U.S. and Bailey*, 84 M.J. 314, 321 (C.A.A.F. 2024) (declining to resolve the question "whether a constitutional exception to the privilege in M.R.E. 513 still exists").

Petitioner has not demonstrated the right to issuance of the writ he seeks is clear and indisputable, and he has therefore failed to show the appropriateness of the requested relief.

## IV. CONCLUSION

Petitioner's motion to stay proceeding, dated 2 October 2024, is **DENIED**.

Petitioner's petition for extraordinary relief in the nature of a writ of mandamus under Article 6b, UCMJ, 10 U.S.C. § 806b, dated 2 October 2024, is **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court