PER CURIAM:
Appellant filed a writ-appeal petition for review of the United States Army Court of Criminal Appeals’ decision on application for extraordinary relief in the nature of a writ of prohibition, mandamus, habeas corpus, and stay of proceedings. Additionally, appellant filed a motion for stay of court-martial proceedings. Appellant argues his order to active duty in the United States Army is void, and he bases this argument on the conclusion that he was fraudulently induced into signing a contract for service in the Army. Appellant is also litigating this matter in the United States District Court. See Beck v. Secretary of the Army, Civ. No. 01-0529 (D.D.C.).
Citing Woodrick v. Divich, 24 MJ 147 (CMA 1987), appellant contends this Court should stay his court-martial proceedings pending a resolution of the civil matter, dismiss the court-martial charge against him, and direct his discharge from the Army. We disagree. In Woodrick, “ ‘[t]he district court, after a de novo review, accepted the Magistrate’s findings and recommendations and denied the Air Force’s motion to dismiss for’ failure to exhaust remedies, concluding that a court-martial ‘could not determine the merits of his ‘contractual claims.’ It also ruled in Woodrick’s favor on his contract claims.” Id. at 149, quoting Woodrick v. Hungerford, 800 F.2d 1413, 1415 (5th Cir.1986). Thereafter, the Court of Appeals reversed on the basis that Woodrick had not exhausted his military remedies. 800 F.2d at 1418.
As a matter of comity given the posture of the Woodrick case when it arrived at this Court, we refused to resolve the merits of Woodrick’s claims because the District Court previously had adjudicated the matter, holding that Woodrick’s contract for military service was void. This Court did, however, grant a stay of proceedings pending further *427 review in the District Court, so Woodriek could obtain a reinstatement of the favorable District Court ruling on his claim of an invalid contract. 24 MJ at 155.
Issuance of an extraordinary writ staying court-martial proceedings requires the careful exercise of discretion. When a writ petition asks us to stay a court-martial in deference to proceedings in a court outside the military justice system, it would be inappropriate to issue a stay absent a persuasive ruling from such a court or similar prudential considerations.
The writ-appeal petition and motion for stay of court-martial proceedings are denied.