# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| IN RE JAMAL X. WASHINGTON | ) | Misc. Dkt. No. 2019–01 |
| First Lieutenant (O-2) | ) | |
| U.S. Air Force | ) | |
| *Petitioner* | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |
| | ) | Special Panel 1 |

On 12 April 2019, Petitioner filed a petition requesting a stay of his ongoing general court-martial. Petitioner also requested we issue a writ of mandamus and order the military judge (1) to admit into evidence the portion of Petitioner's direct examination that was previously struck from the record by oral ruling of the military judge and (2) to instruct the panel members to consider this evidence.

On 12 April 2019, the petition was docketed by this court and titled *In re Washington. See* JT. R. APP. PROC. R. 19(b)(3). We may dismiss or deny the petition without answer. *See* JT. R. APP. PROC. R. 19(e).

When the petition was filed, Petitioner's general court-martial was ongoing at Malmstrom Air Force Base, Montana.[1] Petitioner was charged *inter alia* with a specification of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2016).[2] Petitioner entered a plea of not guilty on 8 April 2019 and elected trial by officer members.

The specification at issue alleges Petitioner committed abusive sexual contact by touching CP's penis, over his clothing, without his consent. CP testified during the Government's case-in-chief. Petitioner testified during the Defense's case-in-chief that he only hugged CP and touched CP's leg. Before Petitioner's cross-examination, the Government sought to obtain Mil. R. Evid. 412 evidence by compelling Petitioner to testify in a closed Article 39(a), UCMJ, 10 U.S.C. § 839(a), session.

---

[1] For purposes of resolving the petition, we treat Petitioner's recitation of facts as accurate. Should we review Petitioner's case on appeal, we will resolve any factual issues on the record before us at that time.

[2] Petitioner did not attach the Department of Defense Form 458, *Charge Sheet*, to the petition.

The military judge determined Petitioner "must testify" in the closed Article 39(a), UCMJ, session. Petitioner, through his defense counsel, declined to testify during the closed session, so the military judge decided to instruct the court-martial members to disregard portions of Petitioner's direct examination. In response, Petitioner requested a continuance to seek a writ of mandamus from this court. The military judge denied the request and instructed the members to disregard portions of Petitioner's testimony.

Petitioner asserts the military judge denied him the right to testify and the right to put on a case under the Fifth and Sixth Amendments.[3] Petitioner describes the military judge's interpretation of Mil. R. Evid. 412 as "facially incorrect and willfully ignorant" and an "outrageous abuse of discretion and plain error." Petitioner argues *inter alia* that the excluded portion of Petitioner's testimony was not subject to Mil. R. Evid. 412.

We consider the petition in aid of our jurisdiction under the All Writs Act. 28 U.S.C. § 1651(a); *see also Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). The harm alleged by Petitioner has the "potential to directly affect the findings and sentence." *LRM v. Kastenberg*, 72 M.J. 364, 368 (C.A.A.F. 2013) (citation omitted).

The Supreme Court has held that three conditions must be met before a court provides extraordinary relief: (1) the party seeking the relief must show the "right to issuance of the writ is 'clear and indisputable'"; (2) the party seeking the writ must have "no other adequate means to attain the relief"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citations and internal quotation marks omitted). "Issuance of an extraordinary writ staying court-martial proceedings requires the careful exercise of discretion." *United States v. Beck*, 56 M.J. 426, 427 (C.A.A.F. 2002).

After considering the stage of trial at the time of the petition and the body of law governing extraordinary writs, we decline to issue a stay.

We also conclude the petition does not warrant the "drastic and extraordinary remedy" of a writ of mandamus. *See EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016) (citation and internal quotation marks omitted). To justify reversal of a military judge's decision, it "must amount to more than even 'gross error'; it must amount 'to judicial "usurpation of power,"'. . . or be 'characteristic of an erroneous practice which is likely to recur.'" *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam) (citations omitted). Without prej-

---

[3] U.S. CONST. amend. V, VI.

udice to Petitioner's ability to challenge on appeal the military judge's evidentiary rulings and instructions to the members, we find that Petitioner has not demonstrated a clear and indisputable right to the relief of a writ of mandamus, and a writ of mandamus is not appropriate under the circumstances. *See Cheney*, 542 U.S. at 381; *Morgan v. Mahoney*, 50 M.J. 633, 634 (A.F. Ct. Crim. App. 1999).

Accordingly, it is by the court on this 18th day of April, 2019,

**ORDERED:**

The Petition for Writ of Mandamus and to Stay Proceedings dated 12 April 2019 is hereby **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court