IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

| | |
|---|---|
| H.V.<br>AMT Second Class (E-5)<br>U.S. Coast Guard,<br>        Petitioner<br><br>        v.<br><br>Cassie A. Kitchen<br>Commander, U.S. Coast Guard<br>Military Judge,<br>        Respondent<br><br>        and<br><br>Thomas J. Randolph<br>Damage Controlman Second Class (E-5)<br>U.S. Coast Guard,<br>        Real Party in Interest | 8 July 2016<br><br>PETITION FOR EXTRAORDINARY<br>RELIEF IN THE NATURE OF A WRIT<br>OF MANDAMUS FILED 9 JUNE 2016<br><br><br><br>MISC. DOCKET NO. 001-16<br><br><br><br>ORDER – PANEL THIRTY-FIVE |

McCLELLAND, Chief Judge:

Petitioner, an alleged victim of a crime under the Uniform Code of Military Justice (UCMJ), seeks extraordinary relief in the nature of a writ of mandamus requiring the military judge in the court-martial case of United States v. Randolph to comply with Military Rule of Evidence 513, Manual for Courts-Martial, United States (2012 ed.), as amended by Executive Order 13696, 80 Fed. Reg. 35,783 (17 June 2015), asserting that the military judge erred by ordering production to the defense of certain mental health records of Petitioner.

Pursuant to our order of 17 June 2016, the real party in interest filed an Answer to the Petition on 28 June 2016. Petitioner filed a Reply on 5 July 2016.

We have jurisdiction to entertain the petition under Article 6b(e)(1), UCMJ, as the alleged victim asserts a violation of her substantive rights under Military Rule of Evidence (M.R.E.) 513, Manual for Courts-Martial, United States (2012 ed.), as amended by Executive

Order 13696, 80 Fed. Reg. 35,783 (17 June 2015). We may issue the writ if Petitioner has no other adequate means to obtain relief, the right to issuance of the writ is clear and indisputable, and issuance of it is appropriate. *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012).

M.R.E. 513 establishes a psychotherapist-patient privilege. M.R.E. 513(a) sets forth a general rule of privilege:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist or an assistant to the psychotherapist, in a case arising under the UCMJ, if such communication was made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition.

M.R.E. 513(b)(5) provides:

> "Evidence of a patient's records or communications" is testimony of a psychotherapist, or assistant to the same, or patient records that pertain to communications by a patient to a psychotherapist, or assistant to the same for the purposes of diagnosis or treatment of the patient's mental or emotional condition.

M.R.E. 513(d) provides exceptions to the privilege, none of which is raised in this case. Consequently, if the privilege applies to any of the mental health records the military judge ordered produced, she erred with regard to those records.

At the trial of United States v. Randolph, the defense moved to compel production of the alleged victim's mental health records for *in camera* review notwithstanding the privilege claimed by the alleged victim. It was acknowledged that such records existed. After a hearing, the military judge ruled that M.R.E. 513 did "not prevent the disclosure of dates on which a patient was treated, the identity of the provider, the diagnostic code, or the therapies used." Accordingly, she ordered the Government to produce for the defense the mental health records of Petitioner for a stated period of time,

> limited to ONLY those portions indicating a psychiatric diagnosis (as this phrase is used in the DSM-5), the date of such diagnosis, any medications prescribed, the duration prescribed medications were to be taken, type of therapies used, and the resolution of the diagnosed psychiatric condition, if applicable. . . .

(Exhibit 3 to Petitioner's Brief in Support of Petition (United States v. Randolph, Court Ruling on Defense Motion to Compel Production of Mental Health Records dated 11 March 2016).)

The issue before us is whether the privilege is limited to the patient's communications themselves or extends to the psychotherapist's conclusions (diagnoses) and resulting treatments.

M.R.E. 513 grew out of *Jaffee v. Redmond*, 518 U.S. 1 (1996), which recognized a federal psychotherapist-patient privilege, based on the existence of some form of psychotherapist privilege in all fifty states and the District of Columbia. *Jaffee*, 518 U.S. at 12. The privilege "covers confidential communications" made to licensed psychiatrists and psychologists and clinical social workers. *Id.* at 15. Under the privilege, confidential conversations between patients and psychotherapists are protected from compelled disclosure. *Id.* at 18. Development of the details of the privilege was left to later cases. *Id.*.

We are not aware of any federal appellate court decisions on the issue at hand. The published cases brought to our attention that are directly on point amount to a single federal district court case.

In *Stark v. Hartt Transportation Systems, Inc.*, 937 F.Supp.2d 88, 92 (D. Me. 2013), the court held "that the privilege shields information revealing the plaintiff's diagnoses and the nature of his treatment." The court explained,

> A person's mental health diagnoses and the nature of his or her treatment inherently reveal something of the private, sensitive concerns that led him or her to seek treatment and necessarily reflect, at least in part, his or her confidential communications to the psychotherapist. As the *N.G.* court noted in rejecting an argument similar to the one advanced by the defendant in this case, "The privilege would essentially be gutted if a psychotherapist could be ordered to testify about a person's diagnosis or treatment, over the person's objection, so long as the psychotherapist refrained from expressly describing or referring to the content of any confidential communications." *N.G.*, 291 P.3d at 334. Construing the privilege in this "narrow fashion ... would defeat the societal interests protected by the privilege." *Id.*

*Stark*, 937 F.Supp.2d 88, 91-92.

*Stark* observes that the privilege does not extend to information regarding the occurrence of treatment, including whether a psychotherapist treated the privilege holder, the dates of treatment, and the length of treatment on each date. *Id.* at 90.

*Stark*'s statement that diagnoses and the nature of treatment necessarily reflect, in part, the patient's confidential communications to the psychotherapist is undeniable. Most diagnoses of mental disorders rely extensively on what the patient has communicated to the psychotherapist, Contrary to the dissent's assertion that diagnosis and treatments are matters of fact that exist independent of any communications between the patient and the psychotherapist , diagnosis does not have an independent existence. *Jaffee* emphasized this point:

> a psychiatrist's ability to help her patients is completely dependent upon [the patients'] willingness and ability to talk freely. This makes it difficult if not impossible for [a psychiatrist] to function without being able to assure ... patients of confidentiality and, indeed, privileged communication. Where there may be exceptions to this general rule . . ., there is wide agreement that confidentiality is a *sine qua non* for successful psychiatric treatment.

*Jaffee*, 518 U.S. at 10 (brackets and omissions in original; quotation marks and citations omitted).

An unpublished case exemplifies the contrary position. In a case in Massachusetts, the court concluded that a patient's mental health diagnoses and treatments are not within the privilege, citing a Massachusetts appellate case. *Sylvestri v. Smith*, No. 14-13137, 2016 WL 778358 (D. Mass. Feb. 26, 2016).

Another unpublished case, *United States v. White*, No. 2:12-cr-00221, 2013 WL 1404877 (S.D.W.V. April 5, 2013), aligns with the *Stark* case.

We are persuaded that the *Stark* approach is correct. Accordingly, we find that the military judge erred as a matter of law in ordering release to the defense of Petitioner's records indicating a psychiatric diagnosis, the date of such diagnosis, any medications prescribed, the duration prescribed medications were to be taken, type of therapies used, and the resolution of

the diagnosed psychiatric condition. However, release of dates of treatment and the identity of the provider and time taken on each date are not privileged.

Petitioner urges that if dates of treatment and identity of provider are not privileged, that information should nevertheless not be produced because the defense failed to demonstrate that the information is relevant and necessary, as required by Rule for Courts-Martial 703(f)(1), Manual for Courts-Martial, United States (2012 ed.). That may be so, but the issue is beyond our remit under Article 6b. Petitioner should seek some other avenue to address it, such as by requesting reconsideration from the military judge.

It is, by the Court, this 8th day of July, 2016,

ORDERED:

That the Petition for Extraordinary Relief is granted; that the military judge shall protect the mental health records of Petitioner from disclosure in accordance with M.R.E. 513 as interpreted by this opinion.

Judge JUDGE concurs.

BRUCE, Judge (dissenting):

I would deny the writ. Accordingly, I dissent.

As the majority opinion states, there is no controlling precedent that interprets the scope of the privilege prescribed by Military Rule of Evidence 513, Manual for Courts-Martial, United States (2012 ed.), as amended by Executive Order 13696, 80 Fed. Reg. 35,783 (17 June 2015) (hereafter M.R.E. 513). *H.V. v. Kitchen*, Docket No. 001-16, at 3 (C.G.Ct.Crim.App. 2016). In the absence of controlling precedent, I look to the plain language of M.R.E. 513 to discern the scope of the privilege. Based on that, I would hold that the privilege is limited to communications between the patient and the psychotherapist, and records that pertain to those communications. Pertain is a somewhat vague word, but I take it to mean records that would reveal the substance of a privileged communication.

In *United States v. Clark*, the Court of Appeals for the Armed Forces discussed the origin and scope of the psychotherapist-patient privilege as follows:

> Following the Supreme Court's decision in *Jaffee v. Redmond*, the President adopted a psychotherapist-patient privilege for the military justice system with the implementation of M.R.E. 513. The rule allows a patient the privilege to refuse to disclose, or allow another to disclose, a confidential communication between the patient and a psychotherapist. But this rule "is not a physician-patient privilege." Rather, it is "based on the social benefit of confidential counseling recognized by *Jaffee*, and similar to the clergy-penitent privilege." M.R.E. 513 intends to safeguard statements "made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition."

*United States v Clark*, 62 M.J. 195, 199 (C.A.A.F. 2005) (footnotes omitted).

The Supreme Court, in its *Jaffee* decision, discussed the competing principles that are considered when deciding whether to recognize a testimonial privilege.

> The common-law principles underlying the recognition of testimonial privileges can be stated simply. "'For more than three centuries it has now been recognized as a fundamental maxim that the public ... has a right to every man's evidence. When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule.'" *United States v. Bryan,* 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950) (quoting 8 J. Wigmore, Evidence § 2192, p. 64 (3d ed.1940)). See also *United States v. Nixon,* 418 U.S. 683, 709, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974). Exceptions from the general rule disfavoring testimonial privileges may be justified, however, by a "'public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.' " *Trammel*, 445 U.S., at 50, 100 S.Ct., at 912 (quoting *Elkins v. United States*, 364 U.S. 206, 234, 80 S.Ct. 1437, 1454, 4 L.Ed.2d 1688 (1960) (Frankfurter, J., dissenting)).
>
> Guided by these principles, the question we address today is whether a privilege protecting confidential communications between a psychotherapist and her patient "promotes sufficiently important interests to outweigh the need for probative evidence...." 445 U.S., at 51, 100 S.Ct., at 912. Both "reason and experience" persuade us that it does.

*Jaffee v. Redmond,* 518 U.S. 1, 9-10 (1996).

As an exception to the general rule that the public has a right to every man's evidence, the psychotherapist-patient privilege recognized within the Federal Rules of Evidence should not be broadly interpreted. The same is true for the corresponding privilege adopted by the President for courts-martial in M.R.E. 513.

With the Supreme Court's guidance, the President presumably understood that he must decide how broad a military justice psychotherapist-patient privilege should be to promote the important interests in protecting confidential communications, while also respecting the need for probative evidence, especially in a criminal justice setting, as well as the need for commanders to have access to mental health information about service members under their command.

Accordingly, the text of M.R.E. 513 should be understood as language that was carefully considered to express the President's intent in granting a privilege that is circumscribed to balance the competing interests involved in the recognition of a testimonial privilege. That being the case, I do not find federal case law interpreting the Federal Rules of Evidence to be very helpful in understanding the President's intent in adopting M.R.E. 513. For that, I must look at the plain language of the rule itself.

The general rule of privilege is set forth in M.R.E. 513(a):

A patient has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist or an assistant to the psychotherapist, in a case arising under the UCMJ, if such communication was made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition.

Note that the rule protects "communication" "made for the purpose of facilitating diagnosis or treatment," not *including* diagnosis and treatment.

M.R.E. 513(b)(5) provides:

"Evidence of a patient's records or communications" is testimony of a psychotherapist, or assistant to the same, or patient records that pertain to communications by a patient to a psychotherapist, or assistant to the same for the purposes of diagnosis or treatment of the patient's mental or emotional condition.

Unlike the majority, I do not read the plain language of M.R.E. 513 as extending the privilege to diagnosis and treatment. The rule protects "communication made between the patient and a psychotherapist" and patient records that "pertain to the communications." In my view, that means that testimony or records that reveal the substance of the patient's confidential communications with the psychotherapist are protected, but that other evidence that may be provided by the psychotherapist is not privileged.

A diagnosis, prescribed medications, and other treatments are matters of fact that exist independent of any communications between the patient and the psychotherapist. The psychotherapist can decide on a diagnosis by comparing the patient's condition to criteria listed in the Diagnostic and Statistical Manual of Mental Disorders, and the psychotherapist can testify to a diagnosis without referring to confidential communications. While the psychotherapist may discuss diagnosis, medications, and other treatments with the patient, that does not mean that they exist only as a communication between the patient and the psychotherapist. The facts that there was a diagnosis, that medications were prescribed, or that other treatments were given, exist regardless of whether or to what extent they were discussed with the patient.

I would hold that the military judge was correct in holding that the privilege did not extend to diagnosis, medications, and other treatments. Accordingly, Petitioner has failed to show that her right to the writ of mandamus is clear and indisputable, and I would deny the writ.

I agree with the majority that Article 6b, gives this Court jurisdiction to entertain the writ petition in order to protect Petitioner's right to the privilege afforded by M.R.E 513. However, if the military judge has properly applied M.R.E. 513, as I would hold, any issues concerning discovery are another matter, and beyond the reach of Article 6b.

Although I would hold that the President has not chosen to create a psychotherapist-patient privilege in court-martial proceedings that extends to medical records concerning diagnosis, medications, and other treatments, the rules of discovery need not be entirely unconcerned about privacy rights outside the scope of the M.R.E. 513 privilege. The determination of whether a witness is necessary, or if a witness is unavailable, might take into

consideration Service policy or applicable laws on medical privacy or on the treatment of alleged victims.



For the Court,

L. I. McClelland
Chief Judge

Copy:  Office of Military Justice
        Special Victims' Counsel
        Appellate Government Counsel
        Appellate Defense Counsel