Judge STUCKY
delivered the opinion of the Court.
Appellant Thomas Randolph’s prosecution for various charges, including rape and assault, is ongoing. At the United States Coast Guard Court of Criminal Appeals (CCA), alleged victim HV successfully challenged the military judge’s order requiring the Government to disclose to the defense some of her mental health records. Appellant petitioned this Court for review. We granted review, and specified the question of our own jurisdiction. We conclude that Congress has limited review of Article 6b(e) petitions to the Courts of Criminal Appeals, and thus dismiss the petition for lack of jurisdiction.
I. Procedural History
After the military judge (MJ) ordered the Government to produce certain portions of HV’s mental health records to the defense, including records of psychiatric diagnosis and treatment, HV petitioned for extraordinary relief in the nature of a writ of mandamus at the CCA. HV v. Kitchen and Randolph, 75 M.J. 717, 717-18 (C.G. Ct. Crim. App. 2016). *29 She argued that the order violated Military Rule of Evidence (M.R.E.) 613, and invoked the CCA’s jurisdiction to consider the petition under Article 6b(e)(l), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b(e)(l) (2012) (amended 2015). HV, 75. M.J. at 718. The CCA concluded that it had jurisdiction and granted the petition for extraordinary relief. Id. at 718, 720.
Appellant then petitioned for review at this Court, challenging both the jurisdiction of the CCA to decide HV’s petition for extraordinary relief and the decision itself. Because the jurisdiction of Courts of Criminal Appeals under Article 6b(e) is a settled matter,[1] we granted review of the M.R.E. 513 question only. However, we also specified the issue of our own jurisdiction.
II. Analysis
“Jurisdiction is a question of law that this Court reviews de novo.” LBM v. Kastenberg, 72 M.J. 364, 367 (C.A.A.F. 2013), superseded by statute, Article 6b(e), UCMJ, as recognized in EV, 75 M.J. at 334; United States v. Ali, 71 M.J. 256, 261 (C.A.A.F. 2012). “[E]very federal appellate court has a special obligation to satisfy itself ... of its own jurisdiction ... even though the parties are prepared to concede it.” Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (internal quotation marks omitted) (citation omitted). “The burden to establish jurisdiction rests with the party invoking the court’s jurisdiction,” United States v. LaBella, 75 M.J. 52, 53 (C.A.A.F. 2015), and in making this determination we “read the statutes governing our jurisdiction as an integrated whole, with the purpose of carrying out the intent of Congress in enacting them.” United States v. Lopez de Victoria, 66 M.J. 67, 69 (C.A.A.F. 2008).
Appellant’s petition seeks review of a CCA decision rendered pursuant to Article 6b, which guarantees certain rights to victims, Article 6b(e)(l), UCMJ, entitled “Enforcement by Court of Criminal Appeals,” states that:
If the victim of an offense under this chapter believes that a preliminary hearing ruling ... or a court-martial ruling violates the [listed] rights of the victim ... the victim may petition the Court of Criminal Appeals for a writ of mandamus to require the preliminary hearing officer or the court-martial to comply with the section (article) or rule.
Perhaps in recognition that most requests for a writ of mandamus will delay an ongoing court-martial, the statute provides for particularly speedy review. “A petition for a writ of mandamus .., shall be forwarded directly to the Court of Criminal Appeals ... and, to the extent practicable, shall have priority over all other proceedings before the court.” Article 6b(e)(3), UCMJ.
In EV v. United States, we recently applied the plain language of this statute to conclude that this Court lacked jurisdiction to consider an alleged victim’s petition for a writ of mandamus under Article 6b(e). 75 M.J. at 334. We explained that:
When examined, the statute is quite straightforward. It is a clear and unambiguous grant of limited jurisdiction to the Courts of Criminal Appeals to consider petitions by alleged victims for mandamus as set out therein. There is no mention whatsoever of this Court. Congress having legislated in this area and bestowed certain third-party rights on alleged victims, we must be guided by the choices Congress has made. Congress certainly could have provided for further judicial review in this novel situation. It did not.
Id. at 334.
Today, we conclude that the same analysis applies to Appellant’s petition. Article 6b expressly provides that enumerated victims’ rights can be enforced through a writ of mandamus obtained at a Court of Criminal Appeals. Id. There is no mention of additional appellate rights for the accused, or of a grant of jurisdiction to this Court. Article 6b, UCMJ. Accordingly, we lack jurisdiction to consider Appellant’s petition.
Recognizing that Article 6b does not mention his situation, Appellant attempts to in *30 voke this Court’s jurisdiction under Article 67(a)(3), UCMJ:
The Court of Appeals for the Armed Forces shall review the record in , all cases reviewed by a Court of Criminal Appeal's in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.
10 U.S.C. § 867(a)(3) (2012). Appellant contends, in agreement with the United States and HV herself, that the “cases” in Article 67(a)(3) “include[ ] a final action by an intermediate appellate court on a petition for extraordinary relief.” See LRM, 72 M.J. at 367 (quoting United States v. Curtin, 44 M.J. 439, 440 (C.A.A.F. 1996)) (internal quotation marks omitted). Because the instant petition involves exactly that sort of case, the parties argue, this Court has jurisdiction under Article 67(a)(3).
However, none of the eases that the parties cite for this proposition dealt with an Article 6b ease.
In LRM, we held that this Court has jurisdiction to consider cases that the Judge Advocate General certifies for our review pursuant to Article 67(a)(2), even if the underlying CCA decision was rendered on a victim’s petition for extraordinary relief. 72 M.J. at 367; see also Curtin, 44 M.J. at 440, (Government petition for extraordinary relief below); accord Howell v. United States, 76 M.J. 386, 389 (C.A.A.F. 2016). But we pointed out just last term that “[t]he LRM decision was rendered without the benefit of Congress’s direction in the matter. Congress having now legislated in the area, we are bound by the choices it made.” EV, 75 M.J. at 334. The victim protections afforded by Article 6b expressly provide for enforcement by the CCA, and nothing further. Id.
In Lopez de Victoria, we confirmed our jurisdiction pursuant to Article 67(a)(3) to consider an accused’s petition from an interlocutory Government appeal under Article 62, UCMJ, 10 U.S.C. § 862 (2012). 66 M.J. at 70; see also United States v. Solorio, 21 M.J. 251 (C.M.A. 1986) (exercising jurisdiction in the same circumstances), aff'd, 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987). But Article 6b is not Article 62. The central goal of Article 62 is to permit certain appeals by the Government, as the article states generally that “the United States may appeal” certain actions taken by the military judge and provides for when “[a]n appeal” may be taken. Article 62(a)-(b), UCMJ. “The President, in his contemporaneous implementation of the [amended Article 62], expressly provided for appeal of adverse Article 62, UCMJ, decisions to our Court, and from our Court to the Supreme Court,” Lopez de Victoria, 66 M.J. at 68-69, and the legislative history of the Article was consistent with this understanding. Id. at 70.
In contrast, Article 6b(e)(2), UCMJ, specifically provides that “the victim may petition the Court of Criminal Appeals for a writ of mandamus.” The legislative history of the statute indicates no congressional intent to provide for review at this Court or beyond. EV, 76 M.J. at 334 n.1. In other words, while Article 62 takes an expansive view of appeals, Article 6b(e) “is a clear and unambiguous grant of limited jurisdiction to the Courts of Criminal Appeals to consider petitions by alleged victims for mandamus as set out therein.” Id. at 334. As Article 6b is meant to confer rights on victims, not the accused, it would violate congressional intent for this Court to review Article 6b cases upon petition by the accused but not the victim.[2]
In sum, this case is governed by the intent of Congress in enacting Article 6b and limiting review of Article 6b(e) petitions to the CCA level. We conclude that this case is neither an Article 67 case nor akin to an *31 appeal under Article 62, but rather an Article 6b case purporting to be something else.
We also conclude that this Court lacks jurisdiction to consider this case under the All Writs Act. We have authority to act “in aid of’ our existing jurisdiction, 28 U.S.C. § 1651(a), when “the harm alleged ... ha[s] the potential to directly affect the findings and sentence.” Ctr. for Constitutional Rights v. United States, 72 M.J. 126, 129 (C.A.A.F. 2013) (citing Hasan v. Gross, 71 M.J. 416 (C.A.A.F. 2012)). But “[t]he All Writs Act is not an independent grant of jurisdiction, nor does it expand a court’s existing statutory jurisdiction.” LRM, 72 M.J. at 367 (citing Clinton v. Goldsmith, 526 U.S. 529, 534-35, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999)). Because Article 6b(e) is a unique grant of statutory authority that limits appellate jurisdiction to the CCA, Appellant cannot use that article and the All Writs Act to artificially extend this Court’s existing statutory jurisdiction.
Because the order that HV challenged at the CCA was not dispositive with respect to any specification, in contrast to the order in Lopez de Victoria and in other Article 62 appeals,[3] our holding that we lack jurisdiction does not prevent Appellant from raising these same issues during the normal course of direct appellate review. Furthermore, such review will be able to address the important goal of “uniformity in the application of the Code among the military services.” See Lopez de Victoria, 66 M.J. at 71.
We hold once again that Article 6b(e) is a limited grant of CCA review to enforce certain enumerated victims’ rights. EV, 75 M.J. at 334. The statute cannot be stretched by an accused, even in tandem with Article 67(a)(3) or the All Writs Act, to authorize review by this Court.
III. Judgment
The petition is dismissed for lack of jurisdiction.

. EV v. United States, 75 M.J. 331, 334 (C.A.A.F. 2016).

. The Government contended at oral argument that in Lopez de Victoria we allowed an accused to appeal an Article 62 case in which only the Government was permitted to seek CCA review, and that we should thus allow the accused to appeal an Article 6b case in which only the alleged victim was permitted to seek CCA review. But Article 62, in tandem with Article 67(a)(2), allows the Government to raise an interlocutory appeal all the way to this Court. Parity, as well as the matching language in Article 67(a)(2) and 67(a)(3), demanded that the accused have the same authority as the Government in seeking review by this Court. In contrast, it makes no sense to allow the accused to utilize Article 6b, a victim's statute, to go where the victim may not.

. See Lopez de Victoria, 66 M.J. at 68 (“The military judge ... set aside [certain] findings and ordered further sentencing proceedings with respect to the remaining finding.... Article 62 of the UCMJ ... provide[s] for a government appeal of rulings ... that terminated proceedings with respect to a charge or specification or that excluded evidence that was substantial proof of a material fact.”).