*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**James D. FINK, Fireman**
United States Coast Guard, Appellant

v.

**Y.B., Aviation Maintenance Technician Third Class**
United States Coast Guard, Appellee

and

**UNITED STATES**
Respondent

**No. 23-0061**
Crim. App. No. 001-23

Decided April 20, 2023

Military Judge: Timothy N. Cronin

For Appellant: *Lieutenant Commander Kristen R. Bradley* and *Lieutenant Commander Justin S. Daniel* (on brief).

For Appellee: *Lieutenant Commander J. Matthew Hurtt* (on brief).

For Respondent: *Lieutenant Commander Daniel P. Halsig* (on brief).

———————

PER CURIAM.

Appellant has filed a writ-appeal petition seeking review of an interlocutory decision of the United States Coast Guard Court of Criminal Appeals (CGCCA) that concerns his pending court-martial. *In re Y.B.*, 83 M.J. 501 (C.G. Ct. Crim. App. 2022). The CGCCA's decision addressed a petition for mandamus filed by the named victim of a charged offense under Article 6b(e)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b(e)(1) (2018). *In re Y.B.,* 83 M.J. at 505. The CGCCA granted the petition and reversed the military judge's pretrial ruling that Military Rule of Evidence (M.R.E.) 412 did not exclude certain evidence of the victim's prior sexual conduct. *Id.* at 508. Appellant's writ-appeal petition presents three issues:

> I. Whether this Court has jurisdiction to review a writ-appeal petition filed by an accused to review the decision of a court of criminal appeals on a petition for extraordinary relief filed under Article 6b.

> II. Whether the military judge clearly abused his discretion in concluding limited evidence of another sexual encounter is constitutionally required in order to impeach the credibility of the alleged victim's allegation against the accused.

> III. Whether the lower court erred by (1) analyzing the admissibility of the evidence at issue under rules of evidence other than those for which Article 6b authorizes review and (2) finding the evidence inadmissible under those rules.

In an earlier order, we granted review of Issue I, while reserving judgment on whether to grant Issues II and III. In this order, we asked the Government, Appellant, and the named victim for additional briefing on two questions related to *Randolph v. HV*, 76 M.J. 27, 30-31 (C.A.A.F. 2017), which held that this Court does not have jurisdiction to hear the appeal of an accused in the circumstances of this case. These two questions were whether the amendment of Article 67(c), UCMJ, in the National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5331, 130 Stat. 2000, 2934-35 (2016) [hereinafter the 2017

NDAA], requires this Court to reconsider its holding in *Randolph*, and whether Article 67(a)(3), UCMJ, 10 U.S.C. § 867(a)(3) (2018), now provides this Court jurisdiction.

Having received the requested additional briefing, we answer Issue I in the affirmative. Specifically, we hold that this Court's decision in *Randolph* has been superseded by statute, namely, by an amendment to Article 67(c), UCMJ, in the 2017 NDAA. We further hold that this Court has jurisdiction under Article 67(a)(3), UCMJ, to review a writ-appeal petition filed by an accused that seeks review of a decision of a Court of Criminal Appeals (CCA) on a petition for extraordinary relief filed under Article 6b(e)(1), UCMJ.

Based on our resolution of Issue I, we could grant review of Issues II and III. But upon consideration of Appellant's writ-appeal petition, we determine that Appellant has not shown good cause for us to grant review of those issues at this time. We therefore deny review of Issues II and III without prejudice to Appellant's right to raise the matters they concern during the ordinary course of appellate review if he is found guilty of an offense.

## I. Background

Appellant is charged with the sexual assault of Y.B. and other offenses. Before trial, Appellant moved in limine for a ruling on the admissibility of anticipated testimony that Y.B. had had consensual sex with another member of the Coast Guard. The military judge ruled that M.R.E. 412 did not bar this testimony because the testimony would contradict certain relevant statements that Y.B. made to law enforcement authorities. Y.B. challenged the military judge's ruling by petitioning the CGCCA for a writ of mandamus under the authority granted in Article 6b(e)(1), UCMJ. *In re Y.B.*, 83 M.J. at 503. The CGCCA granted the petition and reversed the military judge's ruling that the testimony is admissible. *Id.* at 508. Appellant then filed his writ-appeal petition in this Court.

## II. Jurisdiction

This Court must satisfy itself that it has jurisdiction before it can act on a writ-appeal petition. *Randolph,* 76 M.J. at 29. We decide the question of jurisdiction de novo. *Id.* If the Court lacks jurisdiction, we must dismiss the writ-appeal petition. *See, e.g.*, *id.* at 28 (dismissing writ-appeal petition for lack of jurisdiction). But if we have jurisdiction, we may either grant or deny review of the issues presented in the petition, depending on whether Appellant has shown "good cause" for their review. Article 67(a)(3), UCMJ.

In *Randolph*, a military judge ordered production of the mental health records of a victim of an offense, rejecting the victim's claim of a privilege under M.R.E. 513. 76 M.J. at 28-29. The victim challenged the order by petitioning the CGCCA for a writ of mandamus pursuant to Article 6b(e)(1), UCMJ. *Id.* at 29. Then as now, Article 6b(e)(1), UCMJ, provided that "the victim may petition the Court of Criminal Appeals for a writ of mandamus" to require a court-martial to comply with certain rules. As specified in Article 6b(e)(4)(C) and 6b(e)(4)(D), UCMJ, these rules include M.R.E. 412 and 513. The CGCCA granted the petition and ordered the military judge to protect the victim's mental health records under its interpretation of M.R.E. 513. 76 M.J. at 29.[1] The accused then petitioned this Court for review of the CGCCA's decision. *Id.*

This Court in *Randolph* dismissed the writ-appeal petition for lack of jurisdiction. *Id.* at 28. In reaching this judgment, the Court first concluded that Article 6b(e)(1), UCMJ, did not provide jurisdiction. *Id.* at 29. The Court reasoned that Article 6b(e)(1), UCMJ, only "provides that enumerated victims' rights can be enforced through a writ of mandamus obtained at a Court of Criminal Appeals" and

---

[1] The CGCCA held that the psychotherapist privilege in M.R.E. 513 extends to diagnoses and treatments. *H.V. v. Kitchen*, 75 M.J. 717, 717-18 (C.G. Ct. Crim. App. 2016). This Court later disagreed with the CGCCA's interpretation of M.R.E. 513 in *United States v. Mellette*, 82 M.J. 374, 380 (C.A.A.F. 2022).

"[t]here is no mention of additional appellate rights for the accused, or of a grant of jurisdiction to this Court." *Id.*

The Court further concluded that Article 67(a)(3), UCMJ, did not provide jurisdiction. *Id.* at 29-31. Article 67(a)(3), UCMJ, provides that "[t]he Court of Appeals for the Armed Forces shall review the record in . . . all *cases* reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review." (Emphasis added.) The accused argued that the term "cases" includes decisions by a CCA on a petition for mandamus. 76 M.J. at 30. But the Court disagreed for two reasons. One was that the accused's view was unsupported by any precedent. *Id.* The other was that the language of Article 6b(e), UCMJ, showed that Congress intended to "limit[] review of Article 6b(e) petitions to the CCA level." *Id.*

Finally, the Court concluded that the All Writs Act, 28 U.S.C. § 1651(a) (2012), did not provide this Court with jurisdiction. 76 M.J. at 31. The Court explained that the All Writs Act authorized the Court to act within the jurisdiction granted by other statutes but did not expand the Court's jurisdiction. *Id.* (citing *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013)). The Court therefore dismissed the writ-appeal petition. *Id.*

In a concurring opinion, Judge Ryan expressed an additional reason for concluding that Article 67(a)(3), UCMJ, did not provide jurisdiction. *Id.* at 31-32 (Ryan, J., concurring). Judge Ryan focused on the language of the version of Article 67(c), UCMJ, that was in effect at the time of the case. *Id.* at 32. That version provided that "the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals." Article 67(c), UCMJ, 10 U.S.C. § 867(c) (2012). Judge Ryan reasoned that the reference to "cases" in Article 67(a)(3), UCMJ, could not refer to decisions of a Court of Criminal Appeals in which there "are no findings or sentence," because Article 67(c), UCMJ,

gave this Court no power to act on such decisions. 76 M.J. at 32 (Ryan, J., concurring). As such, Judge Ryan concluded that Article 67(a)(3), UCMJ, did not grant this Court jurisdiction to act on writ-appeals filed by the accused. *Id.* at 32-33.

Appellant urges this Court to reconsider *Randolph* in the light of the amendment to Article 67(c), UCMJ, in the 2017 NDAA. As amended, Article 67(c)(1)(B), UCMJ, now provides that this Court may act with respect to "a decision, judgment, or order by a military judge, as affirmed or set aside as incorrect in law by the Court of Criminal Appeals." Article 67(c)(1)(B), UCMJ, 10 U.S.C. § 867(c)(1)(B) (2018). Appellant contends that this expanded scope of review now allows this Court to review his petition.

We agree with Appellant. The amendment to Article 67(c), UCMJ, in the 2017 NDAA changes our jurisdiction. As explained above, this Court in *Randolph* saw no indication from Congress that petitions for mandamus filed by a victim in a CCA under Article 6b(e), UCMJ, could later reach this Court. And as Judge Ryan explained in her concurrence, the previous version of Article 67(c), UCMJ, provided this Court no power to grant relief in such a case. The amendment directly addresses both points. Under the new Article 67(c)(1)(B), this Court is no longer limited to acting on the findings or sentence of a court-martial. The Court now may also address a military judge's decision or order on interlocutory questions. Accordingly, granting a writ-appeal filed by the accused to review a decision of a military judge on a matter such as the admissibility of evidence fits within the plain language of Article 67(a)(3) and (c)(1)(B), UCMJ.

Therefore, we now hold that if the victim of an offense challenges a decision or order of a military judge by petitioning a CCA for mandamus under Article 6b(e), UCMJ, and if the CCA affirms or sets aside the decision or order of the military judge, then the accused may petition this Court for review under Article 67(a)(3), UCMJ, and this Court may act with respect to the military judge's decision or order under Article 67(c)(1)(B), UCMJ. Our decision in

*Randolph* has been superseded by statute in cases in which the amended Article 67(c)(1)(B), UCMJ, applies.

### III. Conclusion

Although we have satisfied ourselves that we have jurisdiction to review Appellant's writ-appeal petition, upon further consideration we also conclude that Appellant has not shown good cause for us to review his petition at this time. Accordingly, we deny review of Issues II and III without prejudice to Appellant's right to raise the matters they concern during the ordinary course of appellate review if he is found guilty of an offense.