*This opinion is subject to revision before publication.*

**UNITED STATES COURT OF APPEALS
FOR THE ARMED FORCES**
————————

**M.W.**
Appellant

v.

**UNITED STATES**
Appellee

and

**Marshall R. ROBINSON**, Staff Sergeant,
United States Air Force, Real Party In Interest

**No. 23-0104**
Crim. App. No. 2022-15

Decided July 13, 2023

Military Judge: Dayle P. Percle

For Appellant: *Captain Nicholas J. Hall* and *Devon A. R. Wells*, Esq. (on brief).

For Appellee: *Lieutenant, Colonel Matthew J. Neil, Captain Jocelyn Q. Wright,* and *Mary Ellen Payne*, Esq. (on brief); *Colonel Naomi P. Dennis.*

For Real Party In Interest: *Major Matthew Blyth* and *Captain Thomas Govan* (on brief).

Amici Curiae for Appellant: *Colonel Edward J. O'Sheehan, Captain Rocco J. Carbone III*, and *Paul Markland*, Esq. (on behalf of the National Guard Special Victims' Counsel Program and the United States Coast Guard Victims' Legal Counsel Program) (on brief).

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, Judge HARDY, and Judge JOHNSON joined.

————————

Judge MAGGS delivered the opinion of the Court.

In *EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016), this Court held that it did not have jurisdiction to review a decision of a Court of Criminal Appeals (CCA) at the request of a "victim of an offense" as that term is used in Article 6b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b (2018). Although Congress has since amended Article 6b, UCMJ, and other provisions of the UCMJ, we are compelled to hold again today that this Court lacks jurisdiction to review a petition filed by a victim of an offense. Our decision rests solely on the statutory language of the UCMJ. It does not reflect any policy decision about whether this Court should have statutory jurisdiction, which is a matter solely for Congress. We further see no reason that Congress could not amend the UCMJ to grant this Court jurisdiction to review a petition filed by the victim of an offense. However, as currently written, neither the language of Article 6b, UCMJ, nor any other statute, grants this Court the necessary jurisdictional authority to review a petition filed by a victim of an offense. We therefore dismiss the petition in this case.

## I. Background

Appellant, M.W., is the named victim of the charged offenses in this ongoing court-martial. Following voir dire, M.W.'s counsel communicated with trial counsel about how the Government might exercise challenges to some of the members detailed to the court-martial under Rule for Courts-Martial 912. The military judge ruled that this communication constituted unlawful influence in violation of Article 37, UCMJ, 10 U.S.C. § 837 (2018). To cure the unlawful influence and prevent any possible prejudice, the military judge prohibited challenges by the Government to any of the members detailed to the court-martial.

M.W. and the Government each contested the military judge's ruling by petitioning the United States Air Force Court of Criminal Appeals (AFCCA) for writs of mandamus. M.W. filed her petition in the AFCCA as "the victim of an offense" under the jurisdiction provided by Article

6b(e)(1), UCMJ. She argued that the military judge's ruling limited her statutory right under Article 6b(a)(5), UCMJ, to confer with trial counsel. The Government filed two petitions for mandamus. The Government recognized that Article 62, UCMJ, 10 U.S.C. § 862 (2018), did not expressly identify the issue as a ground for interlocutory appeal, but the Government contended that the AFCCA could issue writs of mandamus under the All Writs Act, 28 U.S.C. § 1651 (2018), in aid of its jurisdiction under Article 62, UCMJ. In the two petitions, the Government challenged the merits of the military judge's ruling and also sought relief in part on grounds that the military judge had improperly excluded trial counsel from a hearing at which the military judge considered the matter.

The AFCCA agreed with the Government that the military judge had erred in excluding trial counsel from the hearing. *In re United States*, Misc. Dkt. Nos. 2022-09, 2022-10, 2022-15, 2023 CCA LEXIS 57, at *27, 2023 WL 1525021, at *10 (A.F. Ct. Crim. App. Feb. 3, 2023) (unpublished). Accordingly, the AFCCA vacated the military judge's ruling and ordered the military judge to reconsider the matter after including the Government in a new hearing. *Id.* at *31, 2023 WL 1525021, at *11-12. Having vacated the military judge's order on this procedural ground, the AFCCA concluded that it did not need to address M.W.'s challenge to the merits of the military judge's ruling. *Id.* at *29, 2023 WL 1525021, at *10-11. Accordingly, the AFCCA denied M.W.'s petition for a writ of mandamus as moot. *Id.*, 2023 WL 1525021, at *11.

M.W. then petitioned this Court for review, asking this Court to hold that her counsel has a right to confer with trial counsel when the case returns to the court-martial. She styled her filing in this Court as either a "Writ-Appeal Petition *or* Petition for Extraordinary Relief." In her petition, M.W. recognized this Court's holding in *EV*, 75 M.J. at 332, that this Court did not have jurisdiction to review a CCA's denial of a writ of mandamus under Article 6b, UCMJ, at the request of the victim of an offense. But

M.W. asserted that a statutory amendment in 2017,[1] which added Article 6b(e)(3)(C), UCMJ, "is a *clarification* affirming this Court's jurisdiction to *review* orders of Courts of Criminal Appeals issued pursuant to petitions for relief filed by crime victims under Article 6b, U.C.M.J. jurisdiction."

Upon consideration of M.W.'s petition, together with answers filed by the Government and the Real Party in Interest[2] and a brief by amici curiae, this Court decided that the question of our jurisdiction required further briefing. We accordingly ordered M.W., the Government, and the Real Party in Interest to brief the following four issues:

> (a) whether Article 67, UCMJ, 10 U.S.C. § 867 grants this Court jurisdiction to review such a writ-appeal;
>
> (b) whether Article 6b(e)(3), UCMJ, grants this Court jurisdiction to review such a writ-appeal (as opposed to only requiring that this Court give priority to writ-appeals for which Article 67, UCMJ, or some other statute provides this Court jurisdiction);
>
> (c) whether any other statute provides this Court jurisdiction to review such a writ-appeal; and

---

[1] National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, § 531(a), 131 Stat. 1283, 1384 (2017). The amendment modified Article 6b(e)(3), UCMJ, by redesignating the existing provision as Article 6b(e)(3)(A), UCMJ, and by adding what is now Article 6b(e)(3)(B) and (C), UCMJ. *Id.* These provisions are quoted later in this opinion. The amendments made in § 531(a) became effective on January 1, 2019. *See id.* § 531(p), 131 Stat. at 1388 ("The amendments made by this section shall take effect immediately after the amendments made by the Military Justice Act of 2016 (division E of Public Law 114-328) take effect as provided for in section 5542 of that Act (130 Stat. 2967).").

[2] In a case involving a petition for extraordinary relief, the accused may be denominated as "the real party in interest" by a filing party or may be so designated by this Court. C.A.A.F. R. 17.

(d) whether subsequent amendments to the UCMJ require this Court to reconsider its holding in *E.V. v. United States*, 75 M.J. 331 (C.A.A.F. 2016), that this Court does not have jurisdiction to review such a writ-appeal.

The parties duly complied with this order.

Having now considered the issue further with the aid of the parties' briefing, we conclude that this Court must dismiss M.W.'s petition for lack of jurisdiction. Although Congress has amended Article 6b, UCMJ, and other provisions of the UCMJ since we issued our opinion in *EV*, this Court still lacks jurisdiction to review a petition filed by a victim of an offense. We therefore dismiss the petition in this case.

## II. Standard of Review

This Court considers de novo the question of whether it has jurisdiction. *EV*, 75 M.J. at 333 (citing *United States v. Kuemmerle*, 67 M.J. 141, 143 (C.A.A.F. 2009), and *United States v. Harmon*, 63 M.J. 98, 101 (C.A.A.F. 2006)). Like all federal courts, we "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## III. Discussion

We consider in order the four questions that the parties address in their supplemental briefs.

### A. Article 67, UCMJ

Neither M.W., nor the Government, nor the Real Party in Interest contends that Article 67, UCMJ, provides this Court with jurisdiction to review M.W.'s petition in this case. We agree with this assessment.

Article 67(a), UCMJ, grants this Court jurisdiction to review only three categories of cases, and this case does not fit into any of them. Article 67(a)(1), UCMJ, requires this Court to review "all cases in which the sentence, as affirmed by a Court of Criminal Appeals, extends to death." This language does not provide jurisdiction over M.W.'s petition because this is not a capital case in which a sentence

of death has been adjudged and affirmed. Article 67(a)(2), UCMJ, requires this Court to review "all cases reviewed by a Court of Criminal Appeals which the Judge Advocate General . . . orders sent to the Court of Appeals for the Armed Forces for review." We have held that this provision allows the relevant Judge Advocate General to seek review of a denial of a writ of mandamus by a CCA. *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013). But Article 67(a)(2), UCMJ, does not provide jurisdiction in this case because the Judge Advocate General of the Air Force has not ordered this case sent to this Court for review. Article 67(a)(3), UCMJ, provides this Court with jurisdiction in "all cases reviewed by a Court of Criminal Appeals in which, upon petition *of the accused* and on good cause shown, the Court of Appeals for the Armed Forces has granted a review." (Emphasis added.) This Court accordingly has jurisdiction when an accused has sought review of a CCA's decision on writ of mandamus. *Fink v. Y.B.*, 83 M.J. 222, 225 (C.A.A.F. 2023) (per curiam). But Article 67(a)(3), UCMJ, does not provide jurisdiction in this case because an accused has not filed the petition now before us.

No other provision in Article 67, UCMJ, grants jurisdiction to this Court. Article 67(b), UCMJ, specifies how an accused may file a petition for review when seeking review under Article 67(a)(3), UCMJ, but it does not grant any jurisdiction. Article 67(c), UCMJ, enumerates the actions that this Court can take when it reviews cases under the jurisdiction provided in Article 67(a), UCMJ, but it also does not grant this Court any jurisdiction. Article 67(d), UCMJ, addresses this Court's power to order a rehearing if it sets aside the findings or the sentence of a court-martial, but it too does not grant this Court jurisdiction. And Article 67(e), UCMJ, concerns circumstances in which this Court has acted on a case and returned it to the Judge Advocate General, but it also does not grant this Court jurisdiction.

B. Article 6b(e)(3), UCMJ

The second question that the parties briefed is whether Article 6b(e)(3), UCMJ, provides this Court jurisdiction to review this case. To answer this question, we first examine the structure of Article 6b, UCMJ. The provision starts with Article 6b(a), UCMJ, which grants various rights to a "victim of an offense under this chapter." Article 6b(e), UCMJ, subsequently addresses "Enforcement by [a] Court of Criminal Appeals." Article 6b(e)(1) and (2), UCMJ, gives the victim of an offense the right to seek review of certain adverse rulings by petitioning a CCA for a writ of mandamus. Section 6b(e)(3) then provides:

> (3)(A) A petition for a writ of mandamus described in this subsection shall be forwarded directly to the Court of Criminal Appeals, by such means as may be prescribed by the President, subject to section 830a of this title (article 30a).
>
> (B) To the extent practicable, a petition for a writ of mandamus described in this subsection shall have priority over all other proceedings before the Court of Criminal Appeals.
>
> (C) Review of any decision of the Court of Criminal Appeals on a petition for a writ of mandamus described in this subsection shall have priority in the Court of Appeals for the Armed Forces, as determined under the rules of the Court of Appeals for the Armed Forces.

The first two of the quoted subsections, Article 6b(e)(3)(A) and (B), UCMJ, concern a CCA's review of a petition for mandamus filed by the victim of an offense. They say nothing about this Court. Accordingly, they do not provide this Court with jurisdiction. In contrast, the third subsection, Article 6b(e)(3)(C), UCMJ, directly addresses this Court. The question before us is whether this provision either expressly or implicitly grants jurisdiction to this Court to review a petition filed by the victim of an offense. We conclude that it does not.

In our view, Article 6b(e)(3)(C), UCMJ, addresses only the question of *how this Court should proceed* when it

reviews a decision of a CCA upon a petition for a writ of mandamus authorized by Article 6b(e), UCMJ. Specifically, the provision requires this Court to give priority to such cases. Thus, if this Court were to review a CCA's decision on a petition for a writ of mandamus at the direction of the relevant Judge Advocate General under Article 67(a)(2), UCMJ, then Article 6b(e)(3)(C), UCMJ, would require this Court to give the case priority. Likewise, if this Court were to review such a case after granting a petition of the accused under Article 67(a)(3), UCMJ, then Article 6b(e)(3)(C), UCMJ, would require us to give the review priority. But Article 6b(e)(3)(C), UCMJ, contains no language that expressly or implicitly grants this Court jurisdiction to review any class of cases.

Unlike Article 67(a), UCMJ, which specifies three categories of cases that this Court "shall review," Article 6b(e)(3)(C), UCMJ, merely provides that in this Court "review" of such cases "shall have priority." An instruction about how to exercise jurisdiction is different from a provision granting it. We thus hold that Article 6b(e)(3), UCMJ, does not grant us jurisdiction to review a petition filed by the victim of an offense which asks us to review a decision of a CCA on petition for writ of mandamus.

M.W. disagrees with this analysis and conclusion. One of her arguments is that Congress in Article 6b(e), UCMJ, created a self-contained appellate review system that exists apart from the avenues of review that Article 66(b)(2), UCMJ, provides for the CCAs and that Article 67(a), UCMJ, provides for this Court. M.W. explains: "The CCAs need not seek jurisdiction in Article 66 to review and issue writs under Article 6b(e); thus, a need to look to Article 67 for C.A.A.F. to review those actions contradicts the statutory scheme within Article 6b."

We agree that the text of Article 6b(e)(1), (2), and (3)(A), UCMJ, grants jurisdiction to the CCAs by providing that "the victim may petition the Court of Criminal Appeals for a writ of mandamus," and that a "petition for a writ of mandamus described in this subsection shall be forwarded directly to the Court of Criminal Appeals." The victim of an

offense may rely on these provisions without relying on Article 66(b), UCMJ, when seeking a writ of mandamus. But we see nothing comparable in Article 6b(e)(3)(C), UCMJ, that creates jurisdiction in this Court. As explained above, Article 6b(e)(3)(C), UCMJ, addresses *how* this Court must review decisions of the CCAs but does not grant jurisdiction to review such decisions. And interpreting the provision to contain an implied grant of jurisdiction to this Court is not reasonable because the same provision contains an express grant of jurisdiction to the CCAs. Moreover, the express grant of jurisdiction to the CCAs would be redundant if Article 6b(e)(3)(B), which instructs the CCAs to give priority to petitions for mandamus, itself granted jurisdiction. *See City of Chicago v. Fulton*, 141 S. Ct. 585, 591 (2021) (explaining the canon against surplusage); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005) (explaining the presumption of consistent usage).

M.W. also asks us to follow what she considers the apparent intent of Congress. M.W. contends that Congress added Article 6b(e)(3)(C), UCMJ, after this Court's decision in *E.V.* for the specific purpose of providing jurisdiction in this Court. In *EV*, this Court held that Article 6b, UCMJ, did not grant jurisdiction to this Court to consider a petition of a victim of an offense because at the time there was "no mention whatsoever of this Court" in Article 6b, UCMJ. 75 M.J. at 334. But M.W. observes that is no longer true. She asserts: "To address C.A.A.F.'s language in *E.V.* finding Congress clearly intended no role for C.A.A.F. as the statute did not mention the Court . . . Congress specifically referred to C.A.A.F. in the amended statute to guarantee it contemplated a role for the Court."

We are unpersuaded. While it is true that Article 6b(e), UCMJ, now expressly mentions this Court, the pertinent passage, as explained above, is not a grant of jurisdiction. Instead, the added language concerns only *how* this Court must act (i.e., by according priority) if it reviews a CCA decision.

The Government also disagrees with our analysis and conclusion. Although the Government cannot point to

language in Article 6b(e)(3), UCMJ, that expressly grants this Court jurisdiction, the Government asserts "it is apparent Congress intended to allow CAAF to review CCA decisions on victims' requests for writs of mandamus." The Government asserts: "There is no reason for this Court to be required to give priority to review of a decision by a CCA on a writ of mandamus, if this Court did not already have jurisdiction to review such a decision in the first place." We disagree with the Government's argument because, as we have explained above, Article 67(a)(2) and (3), UCMJ, provides this Court with jurisdiction if a Judge Advocate General or the accused seeks review of the CCA, even though they do not provide jurisdiction when the victim of a crime seeks review.

The Government also asks us to consider the context in which Congress added Article 6b(e)(3)(C), UCMJ. The Government asserts that Congress made the amendment "at a time when neither a victim nor an accused could petition this Court for review of a CCA's Article 6b decision." In support of this argument the Government cites *EV*, 75 M.J. at 334 (holding that this Court lacked jurisdiction over a petition by the victim), and *Randolph v. HV*, 76 M.J. 27, 31 (C.A.A.F. 2017) (holding that this Court lacked jurisdiction over a petition by the accused). The implication is that it would not have made sense for Congress to require expedited review at a time when *no review* was possible.

This argument is unpersuasive for two reasons. First, even before Congress enacted Article 6b(e)(3)(C), UCMJ, we had held that Article 67(a)(2), UCMJ, grants this Court jurisdiction to review a decision of a CCA on a petition for mandamus at the direction of the relevant Judge Advocate General. *LRM*, 72 M.J. at 367. Second, also before Congress enacted Article 6b(e)(3)(C), UCMJ, Congress already had enacted an amendment to this Court's jurisdiction under Article 67(c), UCMJ. The earlier amendment superseded this Court's decision in *Randolph* by giving this Court jurisdiction to review a decision of a CCA on a petition for mandamus at the request of the accused. *Fink*, 83 M.J. at 225. The effective date of this earlier amendment was

selected by Congress to be the effective date for Article 6b(e)(3)(C), UCMJ, so that Article 6b(e)(3)(C), UCMJ, would take effect "immediately after" the amendment to Article 67(c), UCMJ.[3] Therefore, on the effective date of Article 6b(e)(3)(C), UCMJ, both the relevant Judge Advocate General and the accused could appeal the decision of a CCA upon a petition for mandamus under Article 6b(e), UCMJ, and Article 6b(e)(3)(C), UCMJ, required this Court to give priority to such cases. Thus, we do not agree that the timing of the amendment implicitly shows that Article 6b(e)(3)(C), UCMJ, grants this Court jurisdiction.

## C. Other Statutes

As noted previously, M.W. styled her filing in this Court as both a "Writ-Appeal Petition" and a "Petition for Extraordinary Relief." As an alternative to the arguments discussed above, M.W. contends in her supplemental brief that the All Writs Act, 28 U.S.C. § 1651 (2018), provides this Court with jurisdiction to grant her a writ of mandamus even if this Court holds that Article 6b(e), UCMJ, does not provide this Court with jurisdiction to review the AFCCA. We rejected a similar contention in *Randolph*, 76 M.J. at 31, when we held that the All Writs Act did not provide us jurisdiction to grant an *accused* a writ of

---

[3] The National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5331, 130 Stat. 2000, 2934-35 (2016), amended Article 67(c). These amendments took effect on January 1, 2019. *See id.* § 5542, 130 Stat. at 2967 (authorizing the President to designate the effective date of the amendments subject to certain constraints); 2018 Amendments to the Manual for Courts-Martial, United States, Exec. Order No. 13825, § 3(a), 83 Fed. Reg. 9889, 9889 (Mar. 1, 2018) (specifying an effective date of January 1, 2019). The National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, § 531(p), 131 Stat. at 1388, provided that the amendments to Article 6b(e), UCMJ, "shall take effect immediately after the amendments made by the Military Justice Act of 2016 (division E of Public Law 114-328) take effect as provided for in section 5542 of that Act (130 Stat. 2967).)"

mandamus as an alternative way of reviewing a CCA decision on a petition for a writ of mandamus. We explained:

> We also conclude that this Court lacks jurisdiction to consider this case under the All Writs Act. We have authority to act "in aid of" our existing jurisdiction, 28 U.S.C. § 1651(a), when "the harm alleged . . . ha[s] the potential to directly affect the findings and sentence." *Ctr. for Constitutional Rights v. United States*, 72 M.J. 126, 129 (C.A.A.F. 2013) (citing *Hasan v. Gross*, 71 M.J. 416 (C.A.A.F. 2012)). But "[t]he All Writs Act is not an independent grant of jurisdiction, nor does it expand a court's existing statutory jurisdiction." *LRM*, 72 M.J. at 367 (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999)). Because Article 6b(e) is a unique grant of statutory authority that limits appellate jurisdiction to the CCA, Appellant cannot use that article and the All Writs Act to artificially extend this Court's existing statutory jurisdiction.

*Id.* (alterations in original).[4] In *EV*, 75 M.J. at 333, we similarly reasoned that the All Writs Act could not provide this Court jurisdiction to grant a victim a writ of mandamus if Article 6b, UCMJ, did not provide us jurisdiction. We conclude that the same reasoning prevents us from reviewing the AFCCA's decision by granting a writ of mandamus to the victim.

## D. *EV v. United States*

A final question is whether subsequent amendments to the UCMJ require this Court to reconsider its holding in *EV*. As mentioned above, this Court held in *EV* that it did not have jurisdiction to review the petition filed by a victim of an offense that seeks review of a CCA's denial of a writ of mandamus. 75 M.J. at 334. This Court reasoned in that

---

[4] This Court held in *Fink* that amendments to Article 67, UCMJ, now provide this Court with jurisdiction to review the decision of a CCA upon the petition of an accused. *See Fink*, 83 M.J. at 225. (concluding that *Randolph* has been superseded by statute). Our decision in *Fink*, however, did not change our reasoning with respect to the All Writs Act.

case that Article 6b, UCMJ, did not grant this Court jurisdiction in part because Article 6b, UCMJ, did not even mention this Court. *Id.* Article 6b(e)(3)(C), UCMJ, now mentions this Court, so that rationale of *EV* is no longer valid. But the result is the same because, as we have explained, while Article 6b(e)(3)(C), UCMJ, requires this Court to give priority to such appeals when this Court has jurisdiction, Article 6b(e)(3)(C), UCMJ, does not confer jurisdiction. Thus, the holding of *EV* has not been superseded.

## IV. Conclusion

The petition is dismissed for lack of jurisdiction. The stay of proceedings that was ordered on February 10, 2023, is hereby lifted.